MAGER, Judge.
Plaintiff appeals a final judgment entered pursuant to a request for declaratory relief.
Plaintiff sought a judgment declaring his right under a continuing contract to receive the remuneration of a principal in the public school system of Palm Beach County. Plaintiff had been employed by defendant in the position of principal for some years and had secured a continuing contract as principal.
While serving as principal in a junior high school under a continuing contract for the 1969-70 school year plaintiff was transferred from his position and assigned the duties of pupil placement specialist. Plaintiff continued to receive the pay of principal under the continuing contract. In August, 1970 the position occupied by plaintiff was abolished and he was assigned to a junior high school as administrative dean. Plaintiff continued to receive the salary of principal on a continuing contract.
In 1971, defendant offered plaintiff a continuing contract for the year 1971-72, containing a provision reducing plaintiff’s salary from that of principal to that of administrative dean. Plaintiff demanded that he be paid a salary as principal which defendant declined to do; instead defendant informed plaintiff that he would have to accept the salary for the position in which he was actually employed.
As a result of the foregoing, plaintiff filed a complaint for declaratory judgment.
Defendant contends that the board is under no duty to pay the plaintiff a salary of principal when plaintiff is serving in the lesser position of dean; that such payment would be unauthorized; and that plaintiff was offered but refused other positions of principal prior to being reassigned to the dean’s position.
The basic facts are not in dispute. There is some semantical difference of opinion between the plaintiff and the defendant with respect to whether the plaintiff was merely reluctant to accept two available principal positions or whether plaintiff refused to accept such positions. The disposition of this appeal is not dependent upon whether plaintiff was reluctant, unwilling or flatly refused to accept the other principal positions. The essential question presented in this appeal is whether the school board had the authority to alter the compensation paid under a continuing contract.
There is a contention that the plaintiff waived his right to complain about the reduction by failing to demand a public hear *875 ing after having been advised of the proposed reduction. The determination of this contention is entwined with a determination of the validity of the board’s action. In other words, if the defendant’s action was proper and in accordance with applicable provisions of law then a serious question might arise as to whether plaintiff properly exhausted his administrative remedies or, having failed to have done so, is precluded from seeking judicial review.
It is without dispute that the plaintiff was eligible for and did receive a continuing contract as principal in the public schools of Palm Beach County. Under the provisions of Section 231.36(3)(e) it is provided:
“(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns or his contractual status is changed as prescribed below.” (Emphasis added.)
Subsections (4), (5) and (6) of Section 231.36 set forth the circumstances under which the contractual status of a continuing contract may be changed and the procedures to be followed for effectuating such change. Subsection (4) provides, inter alia, that any person under a continuing contract “may be dismissed or may be returned to annual contract status” upon the superintendent’s recommendation in writing “giving good and sufficient reasons therefor” to the school board. The employee whose contract is subject to such change is required to be “notified in writing by the party or parties preferring the charges at least S days prior to the filing of the written recommendation with the school board”. Thereafter the employee “upon being officially notified” has the right to a public hearing upon notification to the board in writing “within 10 days of the date of the official notice”.
Subsection (6) of Sec. 231.36 sets forth specific grounds for the dismissal of any member of the instructional staff including any principal, as follows: immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, conviction of any crime involving moral turpitude. A procedure for a notice and hearing is also set forth in subsection (6).
From the very nature of a continuing contract for a stated position there must be adherence to established procedures in order to effectuate a change in the terms of such contract to the status of the contract holder. A reading of Sec. 231.36, and in particular the aforementioned subsections, fails to reflect any grant of authority to a school board to reduce the salary of any person holding a continuing contract. The statute speaks in terms of either a dismissal or a return to annual contract and is silent on the matter of reduction of salary.
When a person has fulfilled the statutory qualifications entitling him to the issuance of a continuing contract and has in fact been issued a continuing contract, he is thereby entitled to be paid the salary for the position for which his contract has been issued. It may well be, for administrative reasons, that a school board assigns a person under a continuing contract for a stated position to perform the duties of anT other position. However, this administrative decision cannot abrogate the contractual rights of a person holding a continuing contract or preclude a holder from remaining on a contract status for the position for which he is shown to be qualified. Absent a specific provision authorizing the reduction of salary for persons holding a continuing contract, it would appear to be necessary, in order for a reduction to occur, to return a person under a continuing contract to annual contract status to a po *876 sition that matches the salary. Such return must be accomplished in accordance with the procedures set forth in Section 231.36(4).
The record in the instant case reflects that the procedure set forth in subsection (4) was not followed by the defendant. The record on appeal does show that the plaintiff was advised of the reduction of salary by letter from the superintendent of schools which letter indicated that if the plaintiff desired a conference he could contact the superintendent. This method of notification falls short of the “official notification” contemplated by subsection (4) of Section 231.36.
We express no view, as it would be premature for this court to do so, on the proposition of whether the plaintiff’s decision to decline to accept two available principal positions is a sufficient basis upon which to predicate action under subsection (4). For the purpose of the determination of the litigation before this court, suffice it to say that the method by which the defendant sought to alter plaintiff’s continuing contract or change his status thereunder did not conform with the procedures set forth either in subsections (4) or (6) of Section 231.36.
By enacting Section 231.36, the legislature has endeavored to spell out the rights, duties and responsibilities of the school board and employees of the school system with respect to the issuance of a continuing contract and with respect to effectuating any change in such contractual status. In particular, the legislature recognized the importance of setting forth certain procedural safeguards for the benefit of the employee and the school board. We are of the opinion that the actions of the school board reducing plaintiff’s salary did not conform to the requirements of Section 231.36.
Adverting to the question of plaintiff’s waiver by his failure to “exhaust his administrative remedies”, we are of the view that the action of the defendant was void ab initio so as to dispense with the necessity for plaintiff to “request a hearing” before the board. When the school board undertook to reduce plaintiffs salary without regard to the procedures set forth in Section 231.36, its action was in derogation of Section 231.36 and hence a nullity. The exhaustion of administrative remedies presupposes that the administrative agency obtained jurisdiction of the subject matter upon which it purported to act. The purported reduction of plaintiff’s salary was a brutum fulmen; no further action was required by the plaintiff to preserve his right to seek judicial review.
The final judgment is vacated and set aside and the cause remanded for further proceedings consistent herewith.
OWEN, C. J., and CROSS, J., concur.