HENDRY, Judge
(dissenting).
Viewing the complaint most favorably to the appellants, the non-moving parties upon this motion to dismiss, I think the appellants should be permitted the opportunity to prove that the “policies and practices of the institution,” i.e., the Dade School Board, impliedly afforded them tenure and entitled them to procedural due process.
It cannot be determined at this stage whether or not the appellants had a reasonable expectation that the policies and practices of the school board were such that they would be continued as guidance counselors throughout their careers as alleged in the complaint.
Assuming that appellants can prove de facto tenure, I cannot accept the majority interpretation of Fla.Stat. § 231.36(3) (e), F.S.A. Over three hundred positions for guidance counselors still remain in the county, and I do not think these positions have been discontinued within the meaning of the statute. Nor do I see that appellants have been given similar positions within the statute’s meaning, since they will no longer receive a $400.00 annual supplement.
It should be noted that Section 231.-36(3) (e) recently was considered by the Fourth District Court of Appeal in Burns v. School Board of Palm Beach County, Fla.App. 1973, 283 So.2d 873. In that case, the court observed that subsection (4) of the statute provides that any person under a continuing contract “may be dismissed or may be returned to annual contract status,” but it does not provide for salary reduction. The court also said the plaintiff therein was entitled to full procedural safeguards provided for in subsection (4), (5) and (6) of Section 231.36.
In my view, if the appellants could establish that they have received de facto tenure, then the holding in the Burns case would be applicable in this case.
For the foregoing reasons, I must respectfully dissent from the views expressed by the majority.