NIMMONS, Judge.
Osburn appeals from a declaratory statement issued by the Okaloosa County School Board. We affirm in part and reverse in part.
Osburn has been employed in the Okaloo-sa County school system since 1963. In 1973, he became principal at Carver-Hill Kindergarten Center. He was awarded a continuing contract as principal in 1977. In March, 1982, the Carver-Hill school was closed and Osburn was reassigned to the position of assistant principal at a junior high school.[1]
In January, 1982, in anticipation of the closing of Carver-Hill, Osburn requested appointment to a vacant principal position at a high school. He was not appointed to that position, nor has he been appointed to any other principal positions which have became vacant. Those who were appointed were not under continuing contract as principals. Osburn continued to hold the position of assistant principal at the junior high school.
Osburn petitioned for a declaratory statement and a Section 120.57(1) hearing. After conducting an evidentiary hearing, the School Board entered a declaratory statement determining: (1) that Osburn did hold a continuing contract as principal; (2) that his current position of assistant principal at the junior high school, although not identical with his previous position as principal, was at least similar to it; (3) that Osburn would be entitled to continue in such a similar position in the Okaloosa school system without the necessity of annual nomination or reappointment; and (4) that Osburn would continue at the higher of the salary schedule authorized by the Board for his current position or the salary he last received as principal of Carver-Hill.
Osburn contends that his present position as assistant principal at the junior high school is not similar to his previous position as principal at the Carver-Hill, that the School Board was obligated to assign him to one of the principalship vacancies which have, from time to time, occurred in the Okaloosa school system, and that the salary provision in the Board’s order is erroneous.
Sections 231.36(3)(e) and (g), Florida Statutes (1981) provide:
(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment *982 until such time as the position is discontinued, the person resigns, or his contractual status is changed as prescribed below.
[[Image here]]
(g) Any person who has previously earned continuing contract status as a supervisor or principal in the school district shall be continued in that status until such time as the position is discontinued, the person resigns, or his contractual status is changed by mutual agreement or as prescribed below.
Under these statutory provisions, Osburn was entitled, upon the closing of Carver-Hill, to be assigned to another principalship or other similar position in the Okaloosa school system. See Berkner v. School Board of Orange County, 373 So.2d 54 (Fla. 4th DCA 1979); Burns v. School Board of Palm Beach County, 283 So.2d 873 (Fla. 4th DCA 1973). The assistant principalship which Osburn now occupies at the junior high school is certainly not identical to the position of principal. But that is not what the statute requires. And the record in this case reflects sufficient similarities in the two positions to satisfy the statutory requirement. Moreover, Section 228.041(10)(b), Florida Statutes (1981), is instructive:
(b) Principal. — A principal is an employee, qualified in accordance with s. 231.15, who is assigned responsibility for administrative direction and instructional supervision at an individual school. For purposes of classification, he may be either:
1. A building principal who is designated as the administrative head of a school; or
2. An assistant principal who is assigned limited administrative and supervisory duties within a school.
In Berkner v. School Board of Orange County, supra, it was held that the transfer of a continuing contract principal to the status of program coordinator was proper inasmuch as the two positions were similar, Berkner’s salary continued to be commensurate with that of a principal and he remained on continuing (as opposed to annual) contract status.
We, therefore, reject Osburn’s contention that the School Board was obligated to reassign him to one of the principalship vacancies which, from time to time, have developed in the Okaloosa school system since the closing of Carver-Hill.
Finally, we deal with the School Board’s salary provision for Osburn. The Board’s order provided that Osburn would continue “at the higher of the salary schedule authorized by the Board for his position or the salary he last received as principal of Carver Hill.” This means that he will be paid on the basis of the salary schedule for the junior high assistant principalship which he presently occupies or the salary he last received two years ago as principal of Carver-Hill. That does not satisfy the requirements of law. Even though administrative reasons may justify reassignment to a different position, a person under a continuing contract is entitled to be paid the salary for the position for which his contract has been issued. Burns v. School Board of Palm Beach County, supra, 389 So.2d at 875. Locking in Osburn to his 1982 salary rate, without regard to the current salary schedule of principals, violates Osburn’s contract rights.
When the kindergarten centers were closed down in Okaloosa County, the students were assigned to the various elementary schools. For purposes of the determination of Osburn’s salary rights under his continuing contract as a principal, the salary schedule applicable to principals of elementary schools should be applied to Osburn. To the extent that such salary schedules vary depending upon enrollment, the last student enrollment at Carver-Hill should govern Osburn’s salary entitlement. We, therefore, reverse that part of the Board’s order pertaining to the salary rights of appellant and hold that he is entitled to the salary authorized by the Board for the position in which he is serving or the salary schedule authorized by *983 the Board for the position of elementary school principal, whichever is greater. Affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.
MILLS and SMITH, JJ., concur.

. Carver-Hill was closed and its students were transferred to other schools pursuant to a school plant survey conducted by the Department of Education.