PER CURIAM.
Zarifian challenges a final administrative order in which the Division of Licensing ordered him to pay a fine. We reverse the final order and remand with directions to conduct a formal administrative hearing.
The issue is whether the Division of Licensing erred in denying Zarifian a formal administrative hearing on charges that he engaged in the business of (1) a security guard and' (2) an armed security guard without being properly licensed. The basis of the charges, which appear in documents contained in the record, but not on the face of the administrative complaint, was that Zarifian shot a man while on duty as a security guard for a condominium complex in which he lived. The Division denied Zarifian’s request for a formal hearing on the basis that he did not provide a statement of disputed issues of material fact. Zarifian filed a letter with the Division in which he stated: “At no time have I ever held myself out to the public as a security agency, nor have I ever carried a weapon during my nightly jog over our forty odd acres of property.” He also stated that he believed that he could carry a gun in plain view on his own property for personal protection, and that as a member of the condo association, he had a duty to protect the property of the members.
Section 120.57(1), Florida Statutes (1987) provides for a formal administrative hearing when a disputed issue of material fact is involved. After reviewing Zarifian’s letter to the Division, we can find no competent substantial evidence to support the Division’s conclusion that he failed to dispute the material facts. We conclude that, at the very least, Zarifian raised a disputed fact as to whether he was acting as a security guard, or as a private citizen, at the time the shooting occurred. See §§ 493.30(2) and (5), Fla. Stat. (1987). Accordingly, we reverse the final order and *268 remand for a formal administrative hearing.
RYDER, A.C.J., and PARKER and ALTENBERND, JJ., concur.