568 So.2d 497 (1990)
Ferris A. FRENCH, Appellant,
v.
The SCHOOL BOARD OF POLK COUNTY, Appellee.
No. 90-00376.
District Court of Appeal of Florida, Second District.
October 12, 1990.
John D. Carlson of Gatlin, Woods, Carlson & Cowdery, Tallahassee, for appellant.
Donald H. Wilson, Jr. of Boswell, Stidham, Conner & Wilson, P.A., Bartow, for appellee.
PARKER, Judge.
Ferris French seeks review of an administrative order of The School Board of Polk County approving his inter-school transfer from a position of principal to a position of assistant principal. In that order, the School Board found that French's substantial interests had not been affected; and thus, he was not entitled to a due process hearing. We reach the contrary conclusion. We reverse and remand the case to the School Board to appoint a hearing examiner to conduct a formal evidentiary hearing on the matter.
French is employed by the School Board which is the governing body of the public schools of Polk County. French was initially employed in the position of principal pursuant to an annual contract for the 1977-78 academic year. He was thereafter employed as a principal under successive annual contracts of employment for the academic years 1978-79 and 1979-80. In 1980, French was awarded a multi-year contract of employment to the position of principal, and he served as principal from July 1, 1980 through June 30, 1989, pursuant to successive multi-year contracts. Each multi-year contract was issued for a period of three years. French received a satisfactory evaluation at all times during his employment as principal.
*498 In the spring of 1989, the School Board reappointed French pursuant to a multi-year contract to the position of principal at Lena Vista Elementary School. Subsequently, French was transferred to the position of assistant principal of Kathleen Junior High commencing with the 1989-90 school year, and he currently serves in that capacity.
When French was informed of the transfer, he requested in writing reasons for the transfer and an administrative hearing. French received a letter response from the School Board's attorney which stated:
The purpose of your transfer was not to interfere with your personal life nor to jeopardize your professional career or livelihood. All employees are entitled to a private life without invasion by the employer so long as it remains private and is not brought into the work place. This is not your first transfer under similar circumstances and, unfortunately, you have allowed your activities to invade the work place to such an extent that you are perceived to have lost credibility and effectiveness as a leader of your assigned school. You are what others perceive you to be.
The Board appointed you to the position of Principal at Lena Vista Elementary School for the 1989/90 school year, thereby creating a property interest in your salary, however, there is no property interest in the position. Unless your liberty or property interest is affected by a transfer to another position, you are not entitled to due process procedure and a hearing will not be afforded.
Your new position will be that of Assistant Principal of Administration at Kathleen Junior High School commencing with the opening of the 1989/90 school year. Job security as an administrator is based upon performance. You are expected to satisfactorily perform all the duties of your position, to fully cooperate with your Principal, and shall receive your present salary together with any normal increases.
On or about October 25, 1989, the School Board presented French an annual contract of employment as assistant principal for his signature. When French inquired why he was not receiving a multi-year contract as principal, he was advised by Donald R. Cox, Assistant Superintendent for Personnel Services, that:
At the present time you are on an annual contract as an assistant principal. Your contract will be up for renewal at the end of this year and if renewed your salary will be as an assistant principal.
Multi-year contracts are issued after three years in the same position with total satisfactory evaluations and a recommendation from the Superintendent.
French added a sentence above the signature line on the annual contract in an effort to protect his interests and signed the contract. Thereafter, French filed a petition with the School Board requesting that an administrative hearing officer be appointed and an administrative hearing be held. The School Board entered a final order denying French's petition for administrative hearing. It is from that final order that this appeal is taken.
French's stance in this appeal is that his transfer from a principal to an assistant principal position effected a demotion, which affects his substantial interests as an employee, thus entitling him to a hearing. The School Board, on the other hand, maintains that French's intrasystem transfer which does not change his salary and economic benefits does not affect any substantial interest in his employment that would necessitate a hearing on the transfer decision.
Section 120.57, Florida Statutes (1989) sets forth the prerequisite for entitlement to an administrative hearing of agency action, which is that the substantial interests of a party are determined by an agency. If there is a disputed issue of material fact, a party so affected is entitled to a formal hearing in which he can present evidence, cross-examine witnesses, and be represented by counsel. §§ 120.57(1) and 120.57(1)(b)4, Fla. Stat. (1989). A section 120.57(1) hearing is precisely the type of hearing which French requested in his petition, and which the School Board denied. Our *499 limited function in this appeal, therefore, is to determine whether French's substantial interests were affected by the School Board's transfer and, if so, whether material questions of fact remain to be resolved. We answer both questions in the affirmative and hold that French should have been afforded a full-fledged administrative hearing under section 120.57(1).
The School Board's rule 6GX53-3.012 with respect to personnel transfers, in part, provides:
D. Demotional Transfer: The reassignment of an employee to a position on a lower level of supervisory or administrative authority or rank, or from a position of supervisory or administrative rank to a position which has no supervisory or administrative authority.
1. As a result of such demotion, the employee will ordinarily be subject to a change in job title or a reduction in the rate of remuneration (or both).
2. The School Board may demote an employee ... if the competency or adequacy of the work performance of the employee has, after evaluation, been rated as less than satisfactory by the Superintendent or any designee... .
In the absence of a rule or statute, logic leads us to conclude that French's present position of assistant principal constitutes a lower level of supervisory or administrative authority or rank than that of a principal, which he enjoyed before his transfer, although these positions may consist of the same or similar administrative duties. Furthermore, there is no question that French's transfer resulted in a change in his job title and rate of pay to that of an assistant principal, which is lower than the pay grade of principals. Admittedly, French was transferred at his principal's salary; however, that salary was to be paid to French only for the duration of his multi-year contract as principal, which according to the School Board would expire one year before French believed it would. Therefore, at the conclusion of the 1990-91 school year, French would be subject to the lower pay grade of an assistant principal.
In addition, as a result of the transfer from principal to assistant principal, the internal rules respecting school-based personnel, renders French eligible to receive only an annual contract as assistant principal subject to arbitrary renewal by the School Board upon completion, not a multi-year contract. The specific rule of the School Board (6GX53-3.016II) regarding the eligibility for multi-year contract provides:
C. Multi-year contracts  shall be issued to school-based administrative personnel as follows:
1. Three-year Contract: The Superintendent shall recommend to the School Board a three-year contract for school-based administrative personnel after the third year in said position who received total satisfactory or better in each category on the annual procedure for assessing the performance of administrative personnel in the school district.
(Emphasis added.) Based upon this rule, French must be in the position of assistant principal for a period of three years and receive a satisfactory or better rating before he will be eligible to receive a multi-year contract as assistant principal. Because French's job title and rank, his salary schedule, and his ability to obtain a multi-year contract have been unfavorably impacted as a result of the School Board's transfer, we hold that his substantial interests have been affected, thereby entitling him to a hearing on the propriety of the transfer. See § 120.57, Fla. Stat. (1989).
We find the cases which the School Board cites in support of the contrary conclusion to be inapposite. In particular, the principals whose positions were altered in Berkner v. School Board of Orange County, 373 So.2d 54 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1190 (Fla. 1980) and Osburn v. School Board of Okaloosa County, 451 So.2d 980 (Fla. 1st DCA 1984) were afforded an administrative hearing to determine whether the School Boards' actions in those cases complied with the statutory and contractual requirements applicable therein. Of significance in both cases was that the salary schedule for these principals *500 not be changed to a lower rate of pay because of the change in their positions. Berkner, 373 So.2d at 55; Osburn, 451 So.2d at 982-83.
By contrast, in this case admittedly no hearing was held; indeed, the absence of such a hearing is the basis for this appeal, and at least a factual issue is created with respect to a lowering of French's rate of pay during the effective period of his multi-year contract as principal to the pay scale of assistant principals. There is no dispute that at the conclusion of French's principal contract, be it 1991 or 1992, French's salary scale is to be changed to that of an assistant principal.
The School Board also relies on the case of Martin v. School Board of Gadsden County, 432 So.2d 588 (Fla. 1st DCA 1983) for the proposition that French is not entitled to a hearing; however, in Martin a teacher was transferred to another teaching position within the same school district with no pecuniary harm resulting from the transfer. The holding in Martin that the teacher had failed to demonstrate any substantial interest which had been affected by the transfer so as to entitle her to a hearing is factually inapplicable to the case before us, wherein we conclude that French's substantial interests have been impacted by his transfer.
The sole inquiry remaining, therefore, concerns the type of hearing which French should receive under section 120.57. Where agency action affects a substantial interest, and there is a disputed factual issue, a formal hearing is required unless waived by both parties. Zarifian v. Department of State, Division of Licensing, 552 So.2d 267 (Fla. 2d DCA 1989); South Florida Water Management District v. St. Cloud, 550 So.2d 551 (Fla. 5th DCA 1989); Krueger v. School District of Hernando County, 544 So.2d 331 (Fla. 5th DCA 1989), and Taylor v. School Board of Seminole County, 538 So.2d 150 (Fla. 5th DCA 1989). The record presented to us in this appeal raises a myriad of questions which must be resolved in a formal evidentiary hearing. The most important of these centers upon the length of French's principal contract, his rate of pay for the duration of that contract, whether French's demotion to assistant principal is merit based as required under the School Board's rule with respect to demotional transfers quoted above, and whether the transfer is consistent with the terms of French's multi-year contract as principal.
We reverse the final order of the School Board denying French's petition for an administrative hearing and remand the matter to the School Board with directions to appoint a hearing examiner to conduct a formal hearing in accordance with the requirements set forth in section 120.57.
Reversed and remanded.
SCHOONOVER, C.J., and PATTERSON, J., concur.