PER CURIAM.
Amalgamated Transit Union, Local 1267 intervenes in this appeal and seeks review *380 of a final order of the Florida Public Employees Relations Commission. The order resulted from an unfair labor practice proceeding which the Benevolent Association of Coachmen, Inc., initiated against Bro-ward County’s Division of Mass Transit. This court granted appellant’s motion to strike appellee Benevolent Association of Coachmen, Inc.’s answer brief. Broward County filed a brief in support of Local 1267’s position. The Florida Public Employees Relations Commission ordered Bro-ward County Division of Mass Transit to cease maintaining a particular article in its collective bargaining agreement with Local 1267 insofar as it purported to authorize the deduction of special assessments from employees’ wages. It further ordered the County to stop collecting assessments from employees’ paychecks because the current so-called signed authorization forms did not in fact authorize assessments. The Commission concluded that further assessments without proper authorization would constitute a violation of section 447.501(l)(a) and (e).
Local 1267 raises several points in this appeal. However, we address only its argument that the Benevolent Association of Coachmen lacked standing to file the unfair labor practice action below. We find that point to be dispositive.
We agree with the County’s assertion that the Benevolent Association of Coachmen had no stake in the outcome of the proceeding below since it is not the certified bargaining representative of any County employee(s) and it appears to be unaffected by any dues deductions. The Association admitted that none of its officers were members of Local 1267, and refused to provide appellant with the identity of its members. The hearing officer upheld their refusal to answer the County’s question of how many Association members, if any, were affected or potentially affected members of Local 1267.
A party’s substantial interests must be affected to trigger a hearing under the Administrative Procedures Act. Martin v. School Board of Gadsden County, 432 So.2d 588 (Fla. 1st DCA 1983). Section 120.52, states:
(12) “Party” means:
(a) Specifically named persons whose substantial interests are being determined in the proceeding.
(b) Any other person who, as a matter of constitutional right, provision or statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.
A party must show that it has a substantial interest in the outcome of a proceeding by proving that (1) he will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and (2) that his substantial injury is of a type or nature which the proceeding is designed to protect. Agrico Chemical Co. v. Department of Environmental Regulation, 406 So.2d 478 (Fla. 2d DCA 1981).
We find that the record supports FPER’s findings of fact and conclusions of law. However, we hold that the Benevolent Association of Coachmen failed to establish that any members, much less “a significant number of its members, are substantially affected” by the allegedly unlawful special assessments provision in the bargaining agreement between Local 1267 and Broward County. Accordingly, we hold that the Association lacked standing to bring the action below and we reverse the order of the Florida Public Employees Relations Commission.
REVERSED.
DELL and GUNTHER, JJ., concur.
ANSTEAD, J., concurs in conclusion only.