423 So.2d 471 (1982)
Farrell WAHLQUIST, Appellant,
v.
The SCHOOL BOARD OF LIBERTY COUNTY, Florida, a Public Body Corporate, Appellee.
No. AE-241.
District Court of Appeal of Florida, First District.
December 10, 1982.
Rehearing Denied January 4, 1983.
*472 John D. Carlson of Woods, Johnston & Carlson, Tallahassee, for appellant.
Clinton E. Foster and Richard D. Ogburn of Law Offices of Clinton E. Foster, P.A., Panama City, for appellee.
PER CURIAM.
Wahlquist appeals from an order of the Liberty County School Board (hereafter "Board") denying a request for a hearing concerning his transfer from a supervisory to a teaching position, and ruling that Wahlquist, because of his prior resignation from the Liberty County system to accept a position with the Panhandle Area Educational Cooperative (hereafter "Cooperative"), was not entitled to continuing contract status. We find error in the Board's denial of a hearing with respect to his transfer from a supervisory to a teaching position, and we further find error in the Board's determination that Wahlquist is not entitled to continuing contract status.
Wahlquist was a school teacher on continuing contract with the Board. In January, 1977, he resigned this position in order to accept a position as Educational Consultant with the Cooperative, which had its headquarters in Washington County. He thereafter resigned his position with the Cooperative, effective July 31, 1979, and was reemployed by the Liberty County school system as Director of Instruction, effective August 1, 1979. He then entered into a written contract with the Board dated July 1, 1980, providing for his employment as a supervisor in the Liberty County system for the period July 1, 1980 through June 30, 1981. His contract with the Board provided, among other things, that he could be transferred to a similar position at any other school in the district "provided that the duties shall be similar to the duties originally assigned."
In January, 1981, Wahlquist was notified by letter from the Liberty County Superintendent of Schools that he was being transferred to a teaching position in the county. A month later Wahlquist wrote a letter to the Superintendent and the Board, pointing out that the transfer to a teaching position was contrary to his contract. He also proposed a settlement, suggesting that the Board should "[G]rant me back my continuing contract as a classroom teacher," in return for which he would withdraw his contest to the transfer. The Board's response was by letter from the Superintendent dated April 3, 1981, informing Wahlquist that he would not be nominated for employment in the Liberty County school system for the 1981-82 school year.
On April 22, 1981, Wahlquist filed a two count petition for administrative hearing and affirmative relief. Count I requested a 120.57(1) hearing concerning the transfer, and Count II sought a declaratory statement under Section 120.565 (Florida Statutes), concerning Wahlquist's right to be reemployed by the Board under the automatic reinstatement provisions of Section 231.36(1), Florida Statutes (1979).[1] Count II also requested relief pursuant to Section 120.56(1), Florida Statutes (1979), and requested an administrative hearing pursuant to Section 120.57.
The Board, at its May, 1981 regular meeting, voted to deny Wahlquist's request for a *473 hearing under Count I, and further determined that Wahlquist should be denied an administrative hearing concerning the Board's failure to reemploy him for the 1981-82 school year. The Board decided, however, that he was entitled to a declaratory statement with respect to his contention that he was entitled to continuing contract rights.
On the first point, we agree with appellant's contention that the Superintendent's one sentence letter of January 6 informing Wahlquist that he had been transferred to a teaching position was not a "clear point of entry" to Chapter 120 proceedings.[2] This court has recently reaffirmed the rule that actual notice of agency action which does not inform the affected party of his right to request a hearing, and the time limits for doing so, is inadequate to "trigger" the commencement of the administrative process. Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982). It should be noted that in Dickerson, Inc. v. Rose, 398 So.2d 922 (Fla. 1st DCA 1981), also relied upon by the Board, the notice to the affected party did state a time limit within which an administrative hearing could be requested. Appellant's petition for hearing and other relief was filed within 21 days after he received the Board's notice that he would not be employed for the next school year. The action of the Board at its May, 1981 regular meeting  later formalized by its order of June 6, 1981  finding that Wahlquist waived an administrative hearing concerning his transfer to a teaching position, was in error.
Appellant's attack upon the Board's order dealing with Count II of the petition contains an admixture of issues relating to appellant's right to a declaratory statement as to his continuing contract status, under Section 231.36(9), Florida Statutes (1979), and his entitlement to an administrative hearing for review of the Board's action in failing to rehire him for the school year 1981-82. Because of our resolution of the issues presented by the Board's ruling on Count II, we find it unnecessary to dwell at length upon procedural niceties. The Board concedes that it did not comply with the notice requirements of Section 120.565, Florida Statutes, but urges that the error was harmless. With respect to its noncompliance with Section 120.56, the Board correctly points out that its decision to terminate appellant's employment was not a rule, but an order, which is not subject to challenge under the provisions of Sections 120.54(1)(a), or 120.56. Where the issue on appeal is simply one of law, the agency's failure to comply with certain procedural requirements of the administrative procedures act may not rise to the level of material error which impairs the fairness of the proceedings or the correctness of the action. City of Pensacola v. Florida Public Employees Relations Commission, 358 So.2d 589 (Fla. 1st DCA 1978). We will therefore proceed with review on the merits.
We find error in the Board's conclusion that Wahlquist lost his continuing contract status with the Liberty County school system by resigning to take a position with the Cooperative. Although Section 231.36(3)(e)[3] provides that continuing contract status terminates when a person "resigns," that provision must be construed in the light of subsection (9), of Section 231.36,[4] *474 which clearly contemplates resignation by a teacher on continuing contract in order to accept a position in a cooperative education program. Since the Board's order ruling upon Wahlquist's dismissal is grounded entirely upon the premise that Wahlquist's resignation precluded him from claiming the benefit of Section 231.36(9), the order is in error and must be reversed.
In view of our finding of error which requires reversal of the Board's order, we find it necessary to address the contention that the provisions of Section 231.36(9) apply only to a teacher who has accepted employment with a cooperative education program as a teacher. The Board contends that since Wahlquist's position with the Cooperative was as "educational consultant," he has no standing to assert the automatic reverter provision of subsection (9). We find no language in subsection (9) or in other provisions of the statutes which would indicate that subsection (9) is limited to continuing contract teachers who accept employment with cooperative education programs as teachers. This subsection is obviously designed (as the Board concedes) to encourage teachers to participate in cooperative education programs, and it does so by offering protection for the teachers' continuing contract status. The statute provides such protection in two ways: First, it allows an eligible teacher  that is, one who, "at the time of employment," is on a continuing contract in a school district which is participating in support of the particular cooperative education program[5]  to be "immediately" placed on a continuing contract with the school board wherein the cooperative education program is produced. Second, it provides that if, at the time of reappointment of personnel, during the first three years, that teacher is not recommended "for continued employment in the cooperative education program," that teacher "shall automatically revert to continuing contract status in the district of immediate prior employment." Section 231.36(9). The use of the unqualified term "employment" in the foregoing manner must be construed to mean employment both in a teaching, administrative, or supervisory capacity. To construe the statute otherwise would require us to add qualifying language when no basis for the qualification has been made to appear. Furthermore, our reading of subsection (9) is consistent with subsection (3)(f), of Section 231.36, which provides, in part: "Continuing contract status earned by any member of the instructional staff prior to assuming a position as supervisor or principal shall be retained in the position in which it was attained... .".
As we have stated, Wahlquist's resignation from his teaching position with the Board did not preclude his subsequent claim, under Section 231.36(9), that he should "automatically revert" to continuing contract status when he became reemployed by Liberty County.[6] We have further concluded that it is immaterial that his position with the cooperative education program was in an administrative or supervisory capacity, rather than as a teacher. On the other hand, we are unable to determine, from this record, whether Wahlquist remains eligible to claim automatic reverter under another provision of subsection (9). The automatic reverter provision does not apply unless Wahlquist, "during the first 3 years," was "not recommended for continued employment in the cooperative education program, ... ." Section 231.36(9).[7] As *475 the facts indicate, Wahlquist accepted employment with the Cooperative in 1977, but returned to the Liberty County school system in 1979. His return to Liberty County was clearly within the "first 3 years," specified in the statute. However, neither from his petition nor other portions of the record can we determine whether he was, in fact, not recommended for continued employment in the cooperative education program.[8] Therefore, on remand, the Board shall conduct such proceedings as may be necessary for resolution of this factual issue. If Wahlquist meets this requirement, the result must be that he was improperly terminated, and he is entitled to continuing contract status with the Liberty County school system.
Appellant's request for attorney's fees and costs is denied. Jess Parrish Memorial Hospital v. Florida Public Employees Relations Commission, 364 So.2d 777 (Fla. 1st DCA 1978).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and LARRY G. SMITH, JJ., concur.
MILLS, J., concurs and dissents with opinion.
MILLS, Judge, concurring in part and dissenting in part:
I agree with the majority that the Board erred in denying Wahlquist's request for a hearing concerning his transfer from a supervisory to a teaching position. Actual notice of agency action, which fails to inform the affected party of his right to request a hearing and the time limits for making the request, is inadequate to trigger the commencement of the administrative process. Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982).
Also, I agree with the majority that Wahlquist's request for attorney's fees and costs should be denied. Jess Parrish Memorial Hospital v. Florida Public Employees Relations Commission, 364 So.2d 777 (Fla. 1st DCA 1978).
I do not agree with the majority that the Board erred in its determination that Wahlquist is not entitled to continuing contract status.
Section 231.36(3)(e), Florida Statutes (1981), provides that continuing contract status terminates when a person resigns. It is uncontroverted that Wahlquist resigned as a school teacher on continuing contract with the Board in order to accept a position as Educational Consultant with the Cooperative.
Section 231.36(9), Florida Statutes (1979), provides that:
(9) Any teacher who is employed in a cooperative education program in this state may be immediately placed on continuing contract with the school board wherein the cooperative education program is produced if, at the time of employment, such person is on a continuing contract in a district which is participating in support of the particular cooperative education program in which the person is employed; provided that if at the time of reappointment of personnel, during the first 3 years, said person is not recommended for continued employment in the cooperative education program, he shall automatically revert to continuing contract status in the district of immediate prior employment; and provided further, that in meeting the requirements for a continuing contract prescribed herein prior successive years of service rendered in any district participating in the support of the particular cooperative education program may be counted as years of probationary service for a continuing contract with the school board wherein *476 the cooperative education program is produced.
It is uncontroverted that Wahlquist was not placed on continuing contract with the Washington County School Board where the cooperative education program was produced.
It is likewise clear that the Cooperative did not recommend that Wahlquist's employment be discontinued at the time of reappointment during the first three years of his employment with the Cooperative. Wahlquist resigned in order to return to the Liberty County school system as Director of Education on an annual contract basis.
The reverter provision of Section 231.36(9) is not applicable to the facts of this case. Wahlquist recognized this in his letter of 6 February 1981 to the Superintendent of Liberty County school system when he stated, "Grant me back my continuing contract as a classroom teacher in Liberty County and let your action on my transfer stand."
NOTES
[1] Section 231.36(9), Florida Statutes (1979) provides:

(9) Any teacher who is employed in a cooperative education program in this state may be immediately placed on continuing contract with the school board wherein the cooperative education program is produced if, at the time of employment, such person is on a continuing contract in a district which is participating in support of the particular cooperative education program in which the person is employed; provided that if at the time of reappointment of personnel, during the first 3 years, said person is not recommended for continued employment in the cooperative education program, he shall automatically revert to continuing contract status in the district of immediate prior employment; and provided further, that in meeting the requirements for a continuing contract prescribed herein prior successive years of service rendered in any district participating in the support of the particular cooperative education program may be counted as years of probationary service for a continuing contract with the school board wherein
[2] The Board contends that Wahlquist was required to request a hearing within 21 days of the January 6 letter, citing Capeletti Brothers, Inc. v. State Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978). Under the Model Rules, Florida Administrative Code (Rule 28-5.111), when an agency has not adopted its own rules, a hearing shall be requested within 21 days of the written notice of agency action.
[3] Section 231.36(3)(e) provides:

(e) Each person to whom a continuing contract has been issued as provided herein shall be entitled to continue in his position or in a similar position in the district at the salary schedule authorized by the school board without the necessity for annual nomination or reappointment until such time as the position is discontinued, the person resigns, or his contractual status is changed as prescribed below. (emphasis supplied)
[4] See footnote 1, supra.
[5] The Liberty County School Board is a participating member of the Panhandle Area Educational Cooperative.
[6] A tenured teacher acquires a valuable property right in his or her expectation of continued employment. Texton v. Hancock, 359 So.2d 895 (Fla. 1st DCA 1978).
[7] Our construction of the statute avoids the problem that might otherwise arise in implementing the protective provisions of Section 231.36(9), in that it would not allow a teacher to remain with an educational cooperative for an indefinite period of time and then seek a return to continuing contract status with his or her district of immediate prior employment. If Wahlquist was recommended for continued employment by the cooperative, then he would have no right to return to the Liberty County school system on a continuing contract basis.
[8] We are not called upon to decide and therefore express no opinion as to the applicability, to cooperative educational programs, of Section 231.36(3)(h), Florida Statutes, which authorizes school boards (until July 1, 1977) to enter into continuing contracts with principals or supervisors only if they were so employed on or before July 1, 1974, or otherwise meet the requirements of Section 231.36(3)(a).