431 So.2d 677 (1983)
Bryan W. HENRY, Appellant,
v.
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. AM-156.
District Court of Appeal of Florida, First District.
May 4, 1983.
*678 James R. English of Henry, Buchanan, Mick & English, Tallahassee, for appellant.
Augustus D. Aikens, Jr., Division Atty., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final order of the Department of Administration, Division of Retirement, denying appellant's claim for reinstatement in the Florida Retirement System (FRS). Appellant contends that the agency erred in finding that he had impliedly waived his rights to administrative proceedings, that the agency lacked authority to retroactively disenroll him from FRS, and that the agency's finding, that he was not entitled to continued membership, was unsupported by competent substantial evidence. We affirm the agency's order on the last point and reverse its finding of waiver and its retroactive disenrollment of appellant.
Appellant has been an attorney since 1949, employed during most of his career by agencies of the State of Florida. While in these positions, he participated in various retirement programs that preceded the present FRS. When he entered private practice in 1970, his clients included the City of Tallahassee and Tallahassee Memorial Hospital (TMH). Beginning in January, 1974, TMH paid appellant a monthly "salary" based upon a set number of hours of work, with additional work billed directly from his law firm at the same hourly rate. Appellant was enrolled in FRS and contributed to the system until June, 1978. At that time, Robert Kennedy, Director of the Division of Retirement notified appellant that he was ineligible to participate in the retirement system, by letter, in pertinent part, as follows:[1]
Thank you for your letter of March 7, 1978, and Mr. Mustian's letter of March 1, 1978. I have given much consideration to your retirement account and I regret to inform you that the information available to me at this time indicates that your arrangement to provide legal services to Tallahassee Memorial Hospital does not make you eligible to participate in the Florida Retirement System. As I am sure this is a matter of concern to you, a *679 detailed explanation of the facts upon which my opinion is based follows.
... . [here follows explanation]
I am sure you are aware there are certain administrative proceedings available to you under Chapter 120, Florida Statutes (1977) if you are dissatisfied with my decision. I would be most appreciative if you would please notify me promptly if you decide to pursue one of these avenues.
Thereafter, appellant did not pursue the matter further until June, 1981, when he wrote to the Director of FRS, requesting that he be given credit for approximately four and a half years under the retirement system resulting from his employment with TMH. The Director of FRS, A.J. McMullen, reviewed appellant's record and concurred with the previous determination to remove appellant from the system retroactive to his date of entry. That letter, dated July 22, 1981, is, in pertinent part, as follows:
This will acknowledge your letter of June 15, 1981 and our telephone conversations dealing with your membership in the Florida Retirement System.
... .
In reviewing the entire record and our recent decision, I concur in Mr. Kennedy's decision to remove you from the System retroactive to your date of entry and do not find any basis to allow your membership up to and including July 1979.
If you disagree with my decision, you have the right to request an administrative hearing under Chapter 120, Fla. Stat., within 21 days of receipt of this letter. It will be necessary for you to file a formal petition with this Division setting forth the factual and legal grounds for contesting my decision. Your petition should be returned to me, and I will then have it filed with the Division of Administrative Hearings. Thereafter, you will be notified of all future proceedings and hearings by that agency.
On August 11, 1981, appellant requested a formal hearing which was conducted on February 12, 1982. The hearing officer found that, although the Department's original letter did not strictly comply with Section 120.59, Florida Statutes, it provided a clear point of entry to administrative proceedings, of which appellant did not take timely advantage. On the merits, the hearing officer found that appellant's relationship with TMH was in the nature of a private legal representation, arranged for the purpose of allowing appellant to participate in FRS, and that, although appellant's participation in FRS vested as of January 1, 1974, his contention that he could not properly be retroactively removed from the system was not supported by any authority or by the facts, since his participation in the system had been legally improper. The Division of Retirement adopted the hearing officer's findings of fact, conclusions of law, and recommended order, and denied appellant's claim for reinstatement in FRS.
Competent substantial evidence in the record supports the agency's findings that appellant was an independent contractor, not an employee of TMH, and was therefore ineligible to participate in FRS; we affirm those findings. Appellant argues, however, that, even if determined to be ineligible to participate, he cannot be retroactively removed since he "had vested" in FRS. He further asserts that, since the Department's 1978 letter did not provide him a clear point of entry to administrative proceedings, the hearing officer erred in his finding that appellant had waived his rights under Section 120.57, Florida Statutes. We agree.
The Department's 1978 letter, set out supra, stated that the determination to remove petitioner from the retirement system was "based on information available to me at this time," implying further consideration might yet be given to the matter. Further, that letter did not bear the hallmarks of finality required for final orders affecting substantial interests in that it failed to inform appellant of his right to request administrative review and failed to state the time within which he was required to request proceedings under Section 120.57. *680 These requirements preceded the adoption of Model Rule 28.5111 in 1980.[2]
Notice of agency action which does not inform the affected party of his right to request a hearing, and the time limits for doing so, is inadequate to "trigger" the commencement of the administrative process. Wahlquist v. School Board of Liberty County, 423 So.2d 471, 473 (Fla. 1st DCA 1982); Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982). An agency seeking to establish waiver based on the passage of time following action claimed as final must show that the party affected by such action has received notice sufficient to commence the running of the time period within which review must be sought. The requirements for such notice are objective rather than subjective in nature, and apply regardless of actual or presumed notice of agency action, as stated in Wahlquist, supra, 423 So.2d at page 473:
This court has recently reaffirmed the rule that actual notice of agency action which does not inform the affected party of his right to request a hearing and the time limits for doing so, is inadequate to "trigger" the commencement of the administrative process.
Thus, the sufficiency of the notice is not affected by the actual knowledge of the recipient. Appellee's contention that, because appellant is an attorney, a different standard applies in determining sufficiency of notice is also devoid of merit.
Waiver is not a concept favored in the law, and must be clearly demonstrated by the agency claiming the benefit. In Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978); cert. denied, 368 So.2d 1374 (Fla. 1979), this court held:
[A]n agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57. Uncertainty in an agency's rules and practices on this point usually results, as is shown by our experience in the past several months, in a petition for review followed by an agency motion to dismiss on the alternative grounds that the agency has not yet taken final action or that, if it has done so, the request for Section 120.57 proceedings and the review petition are too late. We have usually resolved such confusion in favor of the affected party. (emphasis added)
... .
Until proceedings are held satisfying Section 120.57, or an opportunity for them is clearly offered and waived, DOT is powerless to suspend Capeletti's certificate of qualification.
Capeletti refers to the court's "problematical task" of ascertaining from the record whether the affected party clearly waived Section 120.57 benefits, in the absence of clear agency procedures in this regard. If the task has proven a difficult one for this court, how much more difficult for those individuals trapped in the administrative morass, who act at their peril in evaluating the finality of informal agency communications.
In the instant case, in addition to the 1978 letter's failure to state the remedies available and the time period within which such remedies could be claimed, the Director of FRS qualified this determination as to appellant's ineligibility by stating that the determination is made based on the information available at the time. In 1981, appellant sought to supply further information and thereby change the agency's mind concerning his eligibility. This information was received by the agency in what must be viewed as a continuation of the controversy, that was finalized by the agency's 1981 letter, affording a clear point of entry for administrative review. That 1981 letter, set out supra, clearly states appellant's right to request an administrative hearing within 21 days of the receipt of the letter. *681 Thus, the 1981 letter indicates that the Department itself did not view the 1978 letter as a final determination in the matter and, far from asserting waiver against appellant based on the 1978 letter, advised appellant that an administrative hearing would be afforded if requested within 21 days. Appellant did thereafter timely request a Section 120.57 hearing, a hearing was held, and the agency entered the order determining the merits of the controversy which is before us on this appeal.
The remaining question to be considered is whether the agency's disenrollment of appellant from FRS retroactive to January, 1974, was proper. The agency found that appellant was enrolled in FRS on January 1, 1974 and that no one at FRS questioned his eligibility. Beginning January 1, 1974, money was deducted from appellant's salary checks for participation in FRS. The FRS accepted appellant's contributions and annually sent him a statement of his account. The order sought to be reviewed finds that appellant's credit with prior State retirement plans was accepted by FRS and that his participation in FRS vested as of January 1, 1974.
Section 121.011(3)(b), Florida Statutes, provides that the rights of members of FRS are of a contractual nature, entered into between the member and the State, that they are legally enforceable as valid contract rights, and that they may not be abridged in any way. We find that the agency's action during the years in question preclude it from asserting that appellant was not a member of FRS and from retroactively denying him those rights.[3]
While we uphold the agency's authority to disenroll appellant as of the date upon which he was determined to be ineligible to participate in FRS, we find that retroactive disenrollment would be inequitable under the facts and circumstances of this case. During the four and a half years in which the agency failed to investigate appellant's eligibility and treated him in all respects as if he were a properly participating member of FRS, appellant had no notice that he was ineligible for membership in FRS or that his status was tentative, pending an investigation. He was forced to forgo other retirement alternatives[4] during the period in question.
We reverse the agency's finding that appellant waived his right to a formal proceeding under Section 120.57, Florida Statutes, and remand this case to the agency for reinstatement of appellant in the Florida State Retirement System for the four and one-half year period in question, conditioned upon appropriate reimbursement by appellant of contributions returned him upon disenrollment. In other respects, the order below is affirmed.
THOMPSON, J., concurs.
WENTWORTH, J., concurs and dissents with written opinion.
WENTWORTH, Judge, concurring and dissenting.
Although I agree with affirmance of the decision on appellant's ineligibility, I respectfully disagree with the majority upon the issue of waiver based on sufficiency of the Department's June 10, 1978, letter to notify appellant of final agency action and provide a point of entry for Chapter 120 proceedings within the requirements of guidelines then applicable. That letter (1) informed appellant of the agency's determination of his ineligibility after January 1974 for participation in the retirement system under § 121.021, Florida Statutes; (2) tendered *682 to him "the net amount of ... contributions you and the Hospital have paid" on account of legal services to the hospital; and concluded with the statement:
I am sure you are aware there are certain administrative proceedings available to you under Chapter 120, Florida Statutes (1977) if you are dissatisfied with my decision. I would be most appreciative if you would please notify me promptly if you decide to pursue one of these avenues.
More than three years later, in 1981, appellant offered to reimburse or repay the refund previously accepted and requested recrediting for the years 1974-78 on the sole ground that he was "advised that [no other] persons were terminated retroactively and I feel ... I have been denied my rights of equal protection... ."[1] The division director's responsive letter merely reviewed and found no grounds to alter the 1978 agency decision and advised that if appellant disagreed with that review (i.e., "my decision") he had "the right to request an administrative hearing ... within 21 days of receipt of this letter." This 1981 letter, of course, provided a clear point of entry as to the agency action rejecting appellant's claim based on equal protection, but the department did not by that letter (or any subsequent action) abandon the argument presented before the hearing officer[2] and in this court that appellant in 1978 waived a clear point of entry into the Chapter 120 process as to the retroactive termination and refund.
I would conclude that the 1978 letter first quoted above complied with the general provisions of law and rules[3] then governing agency action for point of entry purposes. The model rules of procedure, even assuming their applicability, provided only entitlement "to receive notice of ... decisions of the Agency and those other rights afforded by Chapter 120." Chapter 28-5.02(4)(b), Florida Administrative Rules. The standards of specificity applicable in Sterman v. F.S.U., 414 So.2d 1102 (Fla. 1st DCA 1982), were incorporated by a rule amendment effected in 1980, providing:
28-5.111 Point of Entry into Proceedings. Unless otherwise provided by law or agency rule: (1) Persons requesting a hearing on an Agency decision ... shall file a petition with the Agency within twenty-one (21) days of receipt of written notice of the decision... . The notice shall state the time limit for requesting a hearing and shall reference the agency's procedural rules. (emphasis supplied)
Without deciding whether the latter rule can or cannot be varied by actual knowledge of the recipient, I am unwilling to apply its specific requirements to agency action taken in apparent good faith long before the rule's adoption. The 1978 letter, in my opinion, adequately apprised appellant of the necessity for acting promptly under Chapter 120 to controvert his retroactive disqualification. His failure to do so, together with acceptance of the refund warrant and retention of funds for a period *683 of years, supports the conclusion in the order appealed holding that appellant waived his § 120.57 remedies by a conscious decision not to pursue them and not because of any misunderstanding as to remedies available to him.
I would accordingly affirm the order without reaching the issue of agency estoppel[4] or the merits of the agency decision on retroactivity.
NOTES
[1] Appellant's contributions to FRS were subsequently returned.
[2] Capeletti Brothers, Inc. v. State, Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978); cert. denied, 368 So.2d 1374 (Fla. 1979).
[3] See, In Re Florida Board of Bar Examiners, 268 So.2d 371, 372 (Fla. 1972):

As a matter of history such employees have been participating in the state's retirement system since approximately 1955. Even if there was no statutory basis for their participation, the State would appear to be collaterally estopped at this late date to deny these employees the right to so participate.
Cf. Waterman Memorial Hospital Assoc. v. Div. of Retirement, Dept. of Admin., State of Florida, 424 So.2d 57 (Fla. 1st DCA 1982) (discussing, but not deciding, the issue of estoppel of the State to deny employees the right to participate in the State Retirement System).
[4] See, Federal Internal Revenue Code § 219 (1974).
[1] The order herein correctly finds "there is no evidence in the record ... from which it could be determined that anyone has been treated differently than Petitioner," and appellant does not challenge that finding.
[2] The department's counsel stated at the hearing "we think the issue today, which is stated in the petition, is that he's become aware of other individuals who have been ineligible ... but [were] not kicked out retroactive ... but ... allowed to stay until 1979," and as to other issues "we think that those issues were appropriately decided ... on June 20th[10] 1978. Mr. Henry did not appeal that determination, even though the letter gave him the opportunity to do so." References at the hearing to the understanding that retroactivity was in issue clearly went to the agency's concession that equal protection aspects of retroactivity were to be heard, and not to any agency waiver of appellant's waiver in 1978.
[3] Section 121.23, Florida Statutes, as to this agency's actions and decisions, required only "reasonable notice ... together with a summary of the factual, legal, and policy grounds" and "an opportunity to present ... written evidence ... or a written statement challenging the grounds," and implementing rules required submission of a written request for a hearing "within twenty (20) calendar days from the date the Division's letter of final determination ... is received," subject to extension of time only for good cause. Chapter 22J-1.03(2)(a), Florida Administrative Rules.
[4] Long v. Department of Administration, 428 So.2d 688 (Fla. 1st DCA 1983).