444 So.2d 1115 (1984)
Gary P. SIMS, Appellant,
v.
The BOARD OF TRUSTEES OF NORTH FLORIDA JUNIOR COLLEGE, Appellee.
No. AT-112.
District Court of Appeal of Florida, First District.
February 2, 1984.
Rehearing Denied March 1, 1984.
*1116 Joseph C. Jacobs and John C. Pelham of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
Ernest M. Page, Jr., Madison, for appellee.
NIMMONS, Judge.
Sims appeals from the appellee's denial of a Section 120.57(1) formal hearing following the appellee's vote against renewing his contract as President of the North Florida Junior College. We reverse and remand.
In August, 1978, Dr. Sims was employed as president of the college by the appellee, Board of Trustees of the North Florida Junior College (Board) and continued in that position for the next five years.
At a meeting on February 8, 1983, the Board adopted a motion that Sim's contract not be extended at the end of the current term. However, at the next meeting on March 8, 1983, the Board adopted a motion that "if the Chairman had not received a letter of resignation from the President by March 23, 1983, the Chairman would write the President a letter stating that the President's contract would not be renewed."
Sims did not submit a resignation. Instead, on March 21, 1983, he filed a petition requesting a Section 120.57 formal hearing. The petition, among other things, alleged that the termination of his employment by the Board affected his substantial interests, that his employment as president of the College was "subject to written and oral agreements which have been entered into or amended within the past year and which provide for notice of non-renewal and specifications of good and sufficient cause for non-renewal; the Board has neither provided notice nor specified good and sufficient cause."
At a meeting on April 4, 1983, the Board voted to deny the petition for hearing. On April 11, 1983, the Board, pursuant to a letter from the Chairman to Sims, gave written notice to Sims of the Board's action in denying his petition for hearing. The letter purported to state the Board's reasons for denying the petition for hearing. The articulated reasons were that "the petition appeared untimely" and that "the official records of the College negated the material assertions of your petition."
Fla. Admin. Code Rule 28-5.111 provides that, unless otherwise provided by law or agency rule, "persons requesting a hearing on an agency decision which does or may determine their substantial interest shall file a petition with the agency within 21 days of receipt of written notice of the decision... .," and that any person who receives such notice and who fails to request a hearing within 21 days shall have waived his right to a hearing. Fla. Admin. Code Rule 28-5.201(3) provides that the petition for hearing may be denied "if the petitioner does not state adequately a material factual allegation, such as a substantial interest in the agency determination, or, if the petition is untimely." The rule further provides:
(b) The agency shall promptly give written notice to all parties of the action taken on the petition, and shall state with particularity its reasons therefor. (Emphasis supplied)
First we address the question of whether Sims' petition for hearing was timely filed. We find that it was. If final agency action is deemed to be the action which was taken by the Board on March 8, 1983, obviously Sims' petition for hearing filed March 21 was timely under Rule 28-5.111. But the Board contends that the action taken at the February 8, 1983, meeting when the Board first adopted a motion not to renew Sims' contract was final agency action for purposes of commencement of the 21-day period within which Sims was required to file his petition for hearing. Even were we to agree with that position, it would be unavailing to the Board for the *1117 reason that the Board failed to furnish Sims with the requisite written notice of the February 8 action. Under Rule 28-5.111, the 21-day period does not commence until receipt of such notice.
The Board, however, argues that Sims was present at the meeting and had actual notice of the action. This, too, is unavailing since it has been consistently held that actual notice of agency action, which fails to inform the affected party of his right to request a hearing and the time limits for making the request, is inadequate to trigger the commencement of the administrative process. Wahlquist v. School Board of Liberty County, 423 So.2d 471 (Fla. 1st DCA 1983); Sterman v. Florida State University, 414 So.2d 1102 (Fla. 1st DCA 1982). We, therefore, hold that Sims' petition for hearing was timely.
As noted, the only other reason given by the Board in its April 11 letter for denying the requested hearing was that "the official records of the College negated the material assertions" of the petition. This is patently insufficient to comply with the mandate of Rule 28-5.201(3)(b) that the agency's written notice denying the hearing request "shall state with particularity its reasons therefor." We decline to speculate on the records to which the Board was referring in its letter or, for that matter, on what assertions of the petition the Board regarded as "material."
Accordingly, the Board's denial of the appellant's petition for hearing is reversed and the cause is remanded to the Board for reconsideration of the petition and, should the petition be again denied, for compliance with Rule 28-5.201(3)(b) requiring a statement with particularity of the reasons for denial of the requested hearing.
REVERSED and REMANDED.
SMITH and WIGGINTON, JJ., concur.