DANAHY, Judge.
A school board attorney challenges a final order of the Division of Retirement (the Division) which terminated the attorney’s membership in the Florida Retirement System (FRS) retroactive to July 1, 1979.
The appellant was hired as school board attorney for the Glades County School District effective September 1, 1970. As of January 31, 1971, the appellant was enrolled in FRS, which had been created as of December 1, 1970. The final order under review says this respecting the appellant’s enrollment:
Since January 31, 1971, [the appellant] has been enrolled in the FRS. This was accomplished by his filling out a prescribed form which the School Board then filed with the Division. The Board then began reporting him on its employee rolls. There is no evidence that the initial FRS entry form, filed with the Division, described [the appellant’s] work duties or the nature of his employment with the School Board. Both the Board and the Division enrolled him in the FRS, believing that he was eligible for membership. The Division through its auditor questioned [the appellant’s] employment status in 1981.
We note, in connection with the “prescribed form” which the school board filed with the Division, that section 121.051(4) provides that the employer shall furnish the administrator with such information as *1171 he may request for the proper enrollment of officers and employees in the system. We can only conclude that the “prescribed form” which the school board filed with the Division was not designed to furnish the Division with sufficient information to determine whether the appellant was qualified for enrollment in FRS.
As far as qualification for enrollment is concerned, section 121.021, Florida Statutes (1983), provides that “member” means “any officer or employee who is covered or who becomes covered under this system in accordance with this chapter.” In an effort to describe persons who are not employees, and thus not eligible for membership, the Division adopted administrative rule 22B-6.01(12), Florida Administrative Code (the Rule), effective July 1, 1979. The Rule provides:
CONSULTANT OR OTHER PROFESSIONAL PERSON — Means an individual who: agrees to provide certain services; works according to his own methods; is not subject to control of his employer, except as to the results of his work; and does not enjoy the fringe benefits offered by the employer. A consultant or other professional person usually: is compensated from another salaries and wages account; does not earn annual or sick leave; and may frequently do a majority of his work in his own office rather than on the employer’s premises.
In 1983 the Division sent the Glades County School Board a questionnaire regarding the appellant, which the Board duly answered. On May 2, 1983, the Division sent the appellant a letter announcing its decision to terminate the appellant’s continued membership in FRS and to make the termination retroactive to July 1, 1979. The appellant challenged that action by a petition for formal hearing pursuant to the provisions of chapter 120. An evidentiary hearing was then conducted by a hearing officer from the Department of Administrative Hearings. The hearing officer entered a recommended order determining that the Division’s action in removing the appellant from FRS membership retroactive to July 1, 1979, was appropriate under the subject administrative rules, statutory law, case law and facts adduced at the hearing. The Division adopted the recommended order of the hearing officer with the exception of an amendment to a finding of fact and another as to a conclusion of law. The appellant has brought that order to us for review.
The appellant vigorously argues that he is not a consultant or professional person within the meaning of the Rule. On that issue, we find no basis for overturning the Division’s decision. Nor do we agree with the appellant that the Rule is an invalid exercise of the Division’s rulemaking authority under section 121.031, Florida Statutes (1983). We do agree with the appellant that the Division improperly terminated the appellant’s FRS membership retroactive to July 1, 1979. Thus, although we uphold the Division’s determination that the appellant is not eligible for FRS membership and was properly removed from the system, we reverse the Division’s decision to terminate that enrollment retroactive to July 1, 1979. The Division chose that date because it felt that the Rule effective that date put the appellant on actual or constructive notice that he was not qualified for enrollment in FRS. The Division apparently felt that fairness dictated that its decision should not apply retroactively beyond July 1, 1979. We agree with the Division that fairness should apply here; but we take the Division’s notion of fairness one step further and find that disenrollment retroactive to any date before May 2, 1983, would be inequitable under the facts and circumstances of this case.
During the twelve years and four months before the Division’s letter of May 2, 1983, the Division failed to investigate the appellant’s eligibility and treated him in all respects as if he were a properly participating member of FRS. Relying on the recognition of his continued membership, the appellant was forced to forego other retirement alternatives during the period in question. He cannot now go back and re *1172 store those alternatives. The result we reach here is in accord with the result reached in Henry v. State Dept. of Administration, 431 So.2d 677 (Fla. 1st DCA 1983). We reject the Division’s argument that the Henry case is distinguishable. It is true that the state auditor questioned the appellant’s employment status in 1981. However, two years passed without any word to the appellant from the Division. The Division’s continued inaction was, at the least, unfair to the appellant.
Accordingly, we modify the order under review to provide that the appellant’s disen-rollment shall be effective May 2, 1983. In all other respects, the order is affirmed.
AFFIRMED AS MODIFIED.
GRIMES, A.C.J., and SCHEB, J., concur.