## BISHOP v. DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT

### Case No. 84-2643

State of Florida, Division of Administration Hearings

March 6, 1985

### APPEARANCES OF COUNSEL

**Edwin B. Browning, Jr., Davis, Browning & Hardee,** for petitioner.

**Stanley M. Danek,** Assistant Division Attorney, for respondent.

### OPINION

### RECOMMENDED ORDER

DIANE D. TREMOR, Hearing Officer.

Pursuant to notice, an administrative hearing was held before Diane D. Tremor, Hearing Officer with the Division of Administrative Hearings, on December 17, 1984, in Tallahassee, Florida. The issue for determination in this proceeding is whether petitioner is entitled to remain a member of the Florida Retirement System beyond May 16, 1984.

### *INTRODUCTION*

In support of his position that, as an attorney for the Board of

County Commissioners of Lafayette County, he is an "employee" entitled to participate in the Florida Retirement System, petitioner testified in his own behalf and also presented the testimony of Paul Trawick, the Clerk of the Circuit Court of Lafayette County, and Norman Jackson, the Chairman of the Board of County Commissioners of Lafayette County. Petitioner's Exhibit 1 was received into evidence.

Respondent presented the testimony of Andy Snuggs, an Enrollment Supervisor with the Bureau of Enrollment and Contributions, and the respondent's Exhibits A through H were received into evidence.

Subsequent to the hearing, both parties submitted proposed findings of fact and proposed conclusions of law. To the extent that the parties' proposed findings of fact are not included in this Recommended Order, they are rejected as being either not supported by competent substantial evidence adduced at the hearing, irrelevant or immaterial to the issues for determination or as constituting legal conclusions as opposed to factual findings.

## FINDINGS OF FACT

Upon consideration of the oral and documentary evidence adduced at the hearing, the following relevant facts are found:

(1) Petitioner is an attorney licensed to practice law in Florida, and has engaged in the general practice of law in Perry, Florida, since his admission to the Bar in 1970.

(2) In January of 1975, petitioner was employed to act as the Board Attorney for the Board of County Commissioners of Lafayette County (the Board). Each January thereafter, the Board has reemployed petitioner as its Board attorney for the next calendar year, "providing his services remain satisfactory to the Board."

(3) Petitioner receives his annual salary, which is paid from the Board's regular salary account, on a monthly basis, as do regular County employees. He has received increases in his salary throughout his years of employment, and his raises have been in proportion to raises for other County employees. Petitioner is covered by the Board's unemployment and worker's compensation protection policies, as are other Board employees, and contributions to the Florida Retirement System (FRS) are made on his behalf by the Board. He does not receive annual leave, sick leave or pay during vacation, holidays or illnesses. He does not maintain time records in connection with his annual retainer or salary, but he is reimbursed for his travel expense. In addition to his regular duties as described below, petitioner handles

192

all litigation by or against the Board. For this service, which is outside the scope of his annual retainer, petitioner is compensated at an additional hourly fee.

(4) There is no written employment contract between the petitioner and the Board which specifies the legal services to be performed by the petitioner for the Board. Petitioner is expected to and does attend the Board's monthly meeting and is also available by telephone for consultation with the Clerk of the Circuit Court and the Board members regarding legal issues and opinions. He occasionally is requested to attend special meetings of the Board. The monthly meeting occurs on the first Monday of the month and generally lasts most of the day. Petitioner advises the Board on legal matters and prepares all resolutions, ordinances and deeds for the Board.

(5) Petitioner's law office is located in Perry and the Board's headquarters are at the courthouse in Mayo, Florida. Petitioner has no office, no equipment and no personnel at the Lafayette County Courthouse. While he does not hire, fire or supervise any employees of the Board, he is permitted to and does utilize the Board's personnel, equipment, telephones and facilities to assist him in performing legal services for the Board. He also utilizes the personnel, equipment and facilities of his private law office in Perry to perform legal services for the Board and is not paid additional compensation for their use. Most legal papers and pleadings are prepared at his private law offices. Petitioner is not required to maintain any regular or specified office hours.

(6) Petitioner has been continuously enrolled in the FRS as an employee since 1975. No review of his actual employment status occurred until 1984. By a May 16, 1984 letter from the Division of Retirement, petitioner was advised that his enrollment was not proper and that he would be removed as a member as of July 1, 1979. At the hearing, the respondent Division modified its position and currently seeks petitioner's removal as a member of the FRS as of May 16, 1984.

## CONCLUSIONS OF LAW

The prime issue in this proceeding is whether petitioner's position as the Attorney for the Board of County Commissioners of Lafayette County is that of an "employee" for purposes of determining membership in the Florida Retirement System. Participation in the FRS is generally compulsory for all officers and employees of an agency of government, including employees of county commissioners. Section 121,051, Florida Statutes. An "employee" is a person receiving salary payments for work performed in a regularly established position.

193

Section 121.021(11), Florida Statutes. In this instance, a "regularly established position" is one which will be in existence beyond four consecutive months. Rule 22B-1.04(5)(b), Florida Administrative Code. However, even if the employment position in a local agency will exist beyond four months, "consultants and other professional persons on contract" will be considered as holding temporary positions, and thus not be eligible for membership in the FRS. Rules 22B-1.04(5)(b) and 22B-1.04(6)(b)2 and (6)(e)6, Florida Administrative Code. While not defined by statute, a "consultant or other professional person" is defined by rule as an individual who

> "agrees to provide certain services; works according to his own methods; is not subject to the control of his employer, except as to the results of his work; and does not enjoy the fringe benefits offered by the employer. A consultant or other professional person usually is compensated from another salaries and wages account; does not earn annual or sick leave; and may frequently do a majority of his work in his own office rather than on the employer's premises." Rule 22B-6.01(12), Florida Administrative Code.

The petitioner in this case urges that, as the Board Attorney, he is an "employee" of the Board and is entitled to participate in the FRS. The respondent disagrees, contending that petitioner is a "professional person" within the meaning of Rule 22B-6.01(12), and is thus a person filling a temporary position not eligible for membership in the FRS. Rule 22B-1.04(6).

When comparing petitioner's employment status and duties with the definition of a "consultant or other professional person" set forth in Rule 22B-6.01(12), the evidence reveals that petitioner's relationship with the Board is more that of a "professional person" than an "employee." While petitioner is paid from a regular salaries account, he does not earn annual leave or sick leave. Though the Board assigns duties to him, such as the drafting of ordinances, resolutions or deeds, petitioner performs these legal services according to his own methods and, presumably, in the same manner as he performs legal services for other clients. The board does not require petitioner to maintain any type of regular office hours, other than to require his attendance during regular meetings of the Board, and does not require petitioner to account for his time in return for the salary he receives. Petitioner performs his work for the Board both at his own office in Perry, for which he bears full expenses, and in the Clerk's office, at his discretion. He has no supervisory authority over other employees of the Board, but is only able to seek their assistance in performing his duties. Other

194

than the assignment of specific legal tasks, the Board exercises no more control over the methods and manner by which petitioner performs his legal services than is ordinarily exercised by any client over an attorney. Due to the nature of legal work, as well as professional and ethical considerations, petitioner must exercise independent professional judgment. In summary, it is concluded that petitioner is a "professional person" and is thus ineligible for membership in the FRS. *Henry v. State, Department of Administration*, 431 So.2d 677 (Fla. 1st DCA 1983); *Potter v. State, Department of Administration*, 459 So.2d 1170 (Fla. 2d DCA 1984).

Petitioner raises three further arguments in support of his position that he should not be declared ineligible for membership. First, it is urged that the respondent had no authority to create a special class of employees ineligible for membership by adopting rules defining and eliminating from eligibility "consultants or other professional persons." Second, it is contended that, since petitioner has been a member of the FRS since 1975 and relied upon his participation and prior finding of ineligibility, the respondent is now estopped from removing him from the FRS at this time. Both of these contentions have been dismissed as being without merit in the *Henry* and the *Potter* cases cited above. The *Potter* case specifically held that the Division of Retirement may deny membership to a professional person on a prospective basis after notice and that Rule 22B-6.01(12), Florida Administrative Code, did not constitute an invalid exercise of the Division's rulemaking authority. Finally, petitioner contends that since attorneys for Boards of County Commissioners must file a financial disclosure statement, pursuant to Section 112.3145(3), Florida Statutes, that is indicative that the Legislature considers and recognizes such attorneys to be employees and, therefore, they should be considered employees for retirement purposes. This argument is not persuasive. Those persons for whom the Legislature has imposed ethical constraints and requirements are not identical to those eligible for participation in the Florida Retirement System.

## RECOMMENDATION

Based upon the findings of fact and conclusions of law recited herein, it is RECOMMENDED that petitioner, as the Board Attorney for the Board of County Commissioners of Lafayette County, be deemed a professional person filling a temporary position, and therefore ineligible to participate in the Florida Retirement System subsequent to May 16, 1984.