PEARSON, TILLMAN (Ret.), Associate Judge.
Appellant has been a school board attorney since 1965. After a hearing on appellant’s eligibility for membership in the Florida Retirement System (FRS), the hearing officer recommended that appellant be removed from membership effective February 9, 1983, the date appellant was first notified of the Division of Retirement’s intention to disenroll him. The final order of the Division of Retirement (Division) made appellant’s disenrollment retroactive to July 1, 1979, the effective date of the Division’s Rule 22B-1.04(6), Florida Administrative Code, which provided that consultants and other professional persons were in temporary positions for retirement purposes and thus ineligible for membership in FRS.
Appellant challenges the final order first on the ground that the Division is estopped to change his employment status after so many years in FRS. No special circumstance not present in Henry v. State, Department of Administration, Division of Retirement, 431 So.2d 677 (Fla. 1st DCA 1983), and Potter v. State, Department of Administration, Division of Retirement, 459 So.2d 1170 (Fla. 2d DCA 1984), appears in this record. In each of these cases, an attorney challenged the Division’s authority to terminate his membership in FRS after many years of participation. Each of the cited cases held that the attorney was ineligible for membership. On authority of the above-cited cases, we affirm on appellant’s first point. The Division concedes that, under the Henry and Potter cases, the retroactive provision of the final order must be reversed or modified. Appellant’s third point, directed to the authority of the Division to promulgate the rule which declared the ineligibility, is without merit.
Accordingly, we modify the order under review to provide that appellant’s disenrollment shall be effective February 9, 1983. As modified, the order is affirmed.
MILLS and NIMMONS, JJ., concur.