The Honorable Marvin W. Henry Chairman Board of County Commissioners Flagler County Post Office Drawer 787 Bunnell, Florida 32010
Dear Chairman Henry:
This is in response to your request for an opinion on substantially the following question:
 MAY FLAGLER COUNTY PAY THE COUNTY ATTORNEY AN AMOUNT EQUAL TO THAT WHICH WOULD HAVE BEEN CONTRIBUTED TO THE STATE RETIREMENT SYSTEM WHEN THE DIVISION OF RETIREMENT HAS DETERMINED THAT THE COUNTY ATTORNEY IS INELIGIBLE FOR PARTICIPATION IN THE FLORIDA RETIREMENT SYSTEM?
According to information supplied to this office, the Flagler County Attorney has been a part-time attorney who receives the same benefits as any other county employee such as sick time, vacation, health insurance and retirement compensation. The county attorney had been a participant in the Florida Retirement System; however, the Division of Retirement has made a determination that he will no longer be permitted to participate in the state retirement system. This determination is accorded a presumption of validity as being made by the agency statutorily vested with the duty and authority to make such decisions and no issue is raised or considered herein regarding the correctness of the division's position. See, State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973); Miller v. Brewer Company of Florida, Inc., 122 So.2d 565 (Fla. 1960); Heftler Construction Company and Subsidiaries v. Department of Revenue,334 So.2d 129 (3 D.C.A. Fla., 1976). The Division of Retirement has apparently returned all contributions made by the county on behalf of the county attorney subsequent to the division's notice of intent to disenroll this individual. The Division of Retirement has also taken the position that this individual's membership prior to the notice of intent to disenroll is unaffected by its decision. See, Henry v. State, Department of Administration,431 So.2d 677 (1 D.C.A. Fla., 1983) (retroactive disenrollment prior to the date upon which individual was determined to be ineligible not permitted); Browning v. State, Department of Administration,471 So.2d 611 (1 D.C.A. Fla., 1985); Potter v. State, Department of Administration, 459 So.2d 1170 (2 D.C.A. Fla., 1984). The county does not seek to establish an independent county retirement plan for such disenrolled individual, but merely to provide as part of the county attorney's compensation an amount equal to that which the county would have contributed to the Florida State Retirement System on behalf of this individual.
Thus, the issue presented is whether the county has the authority to provide as compensation to its county attorney an amount equal to that which the county would have contributed to the Florida State Retirement System on behalf of this individual. The further issue presented is whether the amounts contributed on behalf of the county attorney refunded to the county subsequent to the notice of intent to disenroll if paid over to the county attorney would constitute retroactive "extra compensation" within the purview of s. 215.425, F.S.
It is clear that counties have the authority to enter into a contract of employment with an attorney for the provisioning of legal services to the county. Section 1(f), Art. VIII, State Const., in pertinent part, provides that noncharter counties "shall have such power of self-government as is provided by general or special law." The statutory implementation of this constitutional provision is contained in s. 125.01, F.S. Subsection (1) of s. 125.01, in relevant portion, provides:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to:
* * *
 (b) Provide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation.
I am not aware of any general law which sets the salary and total amount of compensation which may be provided by the county for legal representation (cf., Ch. 145, F.S., pertaining to salaries of county officers); nor has my attention been brought to any special law which specifies the compensation to be provided to the Flagler County Attorney. The authority of a county to hire an attorney to provide legal services to the county is well settled. See, e.g., State, ex rel. Himes v. Culbreath, 174 So. 422
(Fla. 1937) (counsel may be employed by the boards of county commissioners whenever in the judgment of such boards the interests of the counties require the services of counsel in the court); AGO 58-178 relying on State ex rel. Himes v. Clubreath, supra, and former s. 125.01(3), F.S. 1957. In AGO 76-207, this office concluded that a board of county commissioners was authorized under s. 125.01(1) and (3), F.S. 1975, to enter into a five year employment contract for all required legal services, and that the decision to enter into such contracts, and the amount and form or manner of compensation to be paid and the terms and conditions thereof, is a decision which rests within the sound discretion of the board of county commissioners. I am therefore of the opinion that such payments to the county attorney is part of the compensation provided, and the amount and form or manner rests within the sound discretion of the county commission.
Thus, the only remaining issue is whether the amounts contributed to the state retirement plan on behalf of the county attorney subsequent to the division's notification of intention to disenroll and which were returned to the county may properly be paid over to the county attorney's private retirement account without constituting "extra compensation" within the prohibition of s. 215.425, F.S. This statute, in relevant part, provides:
 No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made. . . .
This section prohibits retroactive extra compensation, lump sum allowances, or other forms of compensation not provided for by law or contract. See, AGO 75-224. And see, AGO 82-28 stating that "[t]he purpose of this provision prohibiting compensation for work already performed is to carry out a basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage." (emphasis in original) Generally, pension rights and public employer contributions towards retirement benefits are considered part of the employee's compensation. See, City of Hialeah v. Willey, 189 So.2d 194 (3 D.C.A. Fla., 1966); 67 C.J.S. Officers s. 245. In AGO 75-279 this office opined that a teacher's salary contract providing for a salary increase which is entered into through collective bargaining subsequent to the beginning of the salary year does not represent a claim for extra compensation prohibited by this section. This statute was subsequently amended to expressly so provide. See, s. 1, Ch. 80-114, Laws of Florida. Cf., AGO 81-98 in which this office concluded that the City of Bushnell could not legally expend public funds to reimburse retired employees of the city who have expended personal monies to purchase additional past service credit, which the city elected not to provide when it had the opportunity to do so, in order to obtain or provide full retirement benefits because such action would constitute extra compensation or a lump sum allowance not provided for by law or contract granted after the rendition of services which is prohibited by s. 215.425, F.S. In the instant inquiry, however, contributions by the county to a retirement system for the county attorney were a part of the agreed upon wages between the attorney and the county for the attorney's services. The subsequent determination by the Division of Retirement that the attorney is not eligible to participate in the state retirement plan would not appear to convert or cause such contributions to be considered "extra compensation" within the meaning of s. 215.425, F.S. It therefore appears that the amounts contributed for the county attorney's retirement benefits and subsequently returned by the Division of Retirement if paid over to the attorney's private retirement plan would not constitute "extra compensation" prohibited by s. 215.425, F.S., provided the amounts paid over are equal to that which was contributed to the state retirement plan since such funds in my opinion must be considered to be a part of the attorney's compensation earned and agreed to at that time.
I am therefore of the opinion that inasmuch as the county attorney has been deemed to be ineligible to participate in the state retirement system the county pursuant to s. 125.01, F.S., may pay the county attorney an amount equal to that which would have been contributed to the state retirement system as part of the attorney's total compensation. The monies contributed by the county on behalf of the county attorney to the state plan and returned to the county subsequent to the notice of intention to disenroll if paid over to the county attorney would not constitute "extra compensation" within the prohibition of s. 215.425, F.S., since such funds were a part of the agreed upon wage between the county and the county attorney at the time the services were rendered.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General