# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

————————————————

No. 1D2024-1717

————————————————

27 ENTREPRENEURS BRICKELL
LLC,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
REVENUE,

    Appellee.

————————————————

On appeal from the Florida Department of Revenue.
Mark S. Hamilton, General Counsel.

January 7, 2026

PER CURIAM.

27 Entrepreneurs Brickell LLC ("Brickell") appeals final agency action by the Department of Revenue ("Department") dismissing, with prejudice, its petitions for an administrative hearing challenging a tax assessment. Without an evidentiary hearing, the Department dismissed the petitions as untimely because "[t]he deadline to file a petition for administrative hearing is jurisdictional and missing the deadline bars the hearing of the matter." We reverse.

The notice of proposed tax assessment issued by the Department was dated November 26, 2019. It provided a sixty-day

window from the date the assessment became final to contest the assessment. *See* § 72.011(2)(a), Fla. Stat. (2019). But in its petitions for administrative hearing, Brickell denied receiving it until March 2020 when it received only one page of the November 2019 notice from a collector. In April 2022, Brickell received a complete copy of the notice. As no hearing occurred, there is no testimony or other evidence in the record to establish the date the notice was transmitted or mailed. Brickell sought an evidentiary hearing to establish whether it was afforded a valid point of entry to the administrative process. Almost two years after Brickell's petitions were initially filed, the Department entered separate final orders dismissing each petition with prejudice.

"An agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57." *ADN Global, LLC v. Fla. Dep't of Revenue*, 418 So. 3d 210, 210 (Fla. 1st DCA 2025) (quoting *Henry v. State Dep't of Admin., Div. of Retirement*, 431 So. 2d 677, 680 (Fla. 1st DCA 1983)). Additionally, "[w]aiver is not a concept favored in the law, and must be clearly demonstrated by the agency claiming the benefit." *Id.* (quoting *Henry*, 431 So. 2d at 680).

Because there was no hearing before the agency action and because the validity of the agency's order dismissing the petition depends on disputed facts establishing the timeliness of the petitions, we remand the case for an evidentiary hearing. *See* § 120.68(7)(a), Fla. Stat. (2019). "Further proceedings are necessary under sections 120.569 and 120.57 to determine the disputed facts on the timeliness of the petition, the date the notice of proposed assessment was issued, and whether any tolling occurred." *Mr. Comfort Furniture Corp. v. Dep't of Revenue*, 335 So. 3d 193, 194 (Fla. 1st DCA 2022) (citing *Campbell v. Dep't of Health*, 233 So. 3d 488, 489–90 (Fla. 1st DCA 2017)).

Accordingly, the action is REVERSED and REMANDED for an evidentiary hearing.

WINOKUR, M.K. THOMAS, and TREADWELL, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Jonathan W. Taylor, Moffa, Sutton, & Donnini P.A., Fort Lauderdale, for Appellant.

James Uthmeier, Attorney General, and William Folsom, Senior Assistant Attorney General, Tallahassee, for Appellee.