WENTWORTH, Judge.
Appellant seeks review of an administrative order by which its petition for a § 120.57(1), Florida Statutes, hearing was denied. We find that appellee Department of Health and Rehabilitative Services (HRS) erred by resolving disputed issues of material fact without affording appellant a hearing with regard thereto, and we therefore reverse the order appealed.
Appellant was issued a Certificate of Need by HRS for the construction of a nursing home. HRS subsequently determined that appellant’s Certificate should be revoked, and purported to so advise appellant by both certified letter and published notice.[1] However, the certified letter was returned unclaimed and appellant did not request a revocation hearing until after further communications ensued several months later. HRS then denied appellant’s request for a hearing as untimely filed.
The published notice was deficient in that it failed to inform appellant of the right to request a hearing and the time limits applicable thereto, and it did not otherwise provide a “clear point of entry” into the administrative process; this oversight is a material error which precludes dismissal of a hearing request for untimeliness predicated upon such notice. See Sterman v. Florida State University, 414 So.2d 1102 (Fla. 1st DCA 1982); also see Henry v. State Department of Administration, 431 So.2d 677 (Fla. 1st DCA 1983); Wahlquist v. School Board of Liberty County, 423 So.2d 471 (Fla. 1st DCA 1982). And while the order denying appellant’s request for a hearing states that the unclaimed certified letter was properly mailed to appellant’s authorized representative, in requesting a hearing appellant alleged that the letter was never received. Appellant further alleged that the letter had been mailed to an incorrect address and that appellant’s proper address was in the possession of HRS and on file with the Secretary of State. In rejecting these allegations and finding to the contrary HRS made a disputed evidentiary determination for which a hearing should have been held. See Sterman, supra. HRS thereby erred in rendering a decision without affording appellant an opportunity to address the disputed material allegations of fact in a limited § 120.57(1) hearing.
The order appealed is reversed and the cause remanded for a § 120.57(1) hearing as above indicated, and thereafter for such further proceedings as may be necessary.
ERVIN, C.J., and BOOTH, J., concur.

. HRS published a notice of revocation in the Florida Administrative Law Weekly. Appellant argues that the revocation of a Certificate of Need is a licensing proceeding and therefore governed by the provisions of § 120.60(6), Florida Statutes. HRS acknowledges that § 120.-60(6) does not authorize the chosen method of publication, but contends that the present case does not involve licensing and that the published notice is authorized by Rule 10-5.10(8), Florida Administrative Code, relating to "the issuance or denial” of a Certificate of Need. But since even under Rule 10-5.10(8) the published notice is facially deficient the present case does not require a determination as to whether the proceeding below involved licensing. But see generally Westchester General Hospital v. State Department of Health and Rehabilitative Services, 419 So.2d 705 (Fla. 1st DCA 1982); cf., Capeletti Bros. v. State Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978).