490 So.2d 1322 (1986)
Michael Scott SYMONS, Appellant,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE, Appellee.
No. BJ-368.
District Court of Appeal of Florida, First District.
June 27, 1986.
*1323 O'Brannon M. Cook, of Ruden, Barnett, McClosky, Schuster & Russell, Tallahassee, for appellant.
Wendy M. Mitchler and Malcolm S. Greenfield, Asst. Gen. Counsel, Office of the Comptroller, Tallahassee, for appellee.
MILLS, Judge.
Symons appeals from a final administrative order denying as untimely filed his petition for a formal administrative hearing on the agency's denial of his application for securities industry registration. We reverse.
In March 1985, Symons filed with the Department of Banking and Finance an application for registration as an "associated person," pursuant to Section 517.12, Florida Statutes (1985). He provided thereon a personal address and the address of his employer. The application was denied on 16 July 1985; on 17 July, the Department sent a copy of the order and a notice of rights by certified mail to the personal address on the application. On 12 August, the envelope containing the order and notice was returned to the Department unclaimed.
On 19 August, the Department sent a second copy of both documents by certified mail to Symons' employer at the address provided. An employee of the business, not Symons, received and signed for the letter on 25 August. On 1 October, thirty-six days later and fifteen days past the twenty-one-day time limit provided by Rule 28-5.111, Fla. Admin. Code, Symons filed the instant petition for a formal administrative hearing on the denial of his application, accompanied by an affidavit averring that he had "never received, read, been served with, nor ever seen, any Order denying my application nor have I ever been given written notice thereof by the Department." The petition was denied as untimely based on the Department's conclusion that Symons had received constructive notice of the agency action by the 17 July unclaimed mailing and implied actual notice thereof by the 19 August mailing signed for by Symons' employer.
The Department bases its finding of constructive notice on the language of Section 120.60(3), Florida Statutes (1985), which provides that each applicant for a license "shall be given written notice either personally or by mail that the agency ... has granted or denied the application for license" (emphasis supplied). Therefore, the Department contends the certified mailing on 17 July satisfied the requirements of the statute, whether delivered or not.
An agency seeking to establish waiver of administrative proceedings based on the passage of time following final agency action must show that the affected person has received notice sufficient to commence the running of the time period within which review must be sought, Henry v. Department of Administration, 431 So.2d 677 (Fla. 1st DCA 1983). Rule 28-5.111 similarly provides that persons requesting a hearing on an agency decision which determines their substantial interests shall file their petition within twenty-one days of receipt of written notice of the decision. Receipt of notice is so vital because it is this event which provides parties aggrieved by agency action a "point of entry" into administrative proceedings.
Constructive notice is a legal fiction that is imputed by the law primarily for the promotion of sound policy. Joseph Bucheck Construction Corp. v. W.E. Music, 420 So.2d 410, 412-13 (Fla. 1st DCA 1982). Employing such a fiction to deny access to administrative proceedings, especially when, as here, the agency knew the order had not been delivered and, in fact, found it *1324 proper to effect a second delivery, would not promote sound policy and was erroneously employed below.
Implied actual notice is inferred from the fact that a person had the means of knowledge and the duty to use them but did not. It is based on the premise that a person has no right to shut his eyes or ears to avoid information and then say he had no notice; it will not suffice the law to remain willfully ignorant of a thing readily ascertainable when the means of knowledge is at hand. Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (1932). In order to charge a person with notice of information which might have been learned by inquiry, the circumstances must be such as should reasonably suggest inquiry. A determination of whether there are sufficient facts known to require further investigation generally is one of fact. Rafkind v. Beer, 426 So.2d 1097, 1099 (Fla. 3d DCA 1983). While the Sapp court stated that a trial court could draw this factual inference as a matter of law when equitable to do so, the more modern view is to leave the task of drawing factual inferences to the trier of fact, assuming there are sufficient facts to require further inquiry. Bucheck at 413.
In this case, Symons claimed he never saw the order denying his application nor was aware of it in time to request a hearing. The agency determined to the contrary that there was an agency relationship between Symons and his employer such that the employer's acceptance of the order was the equivalent of Symons' acceptance thereof. In the alternative, the agency contends that receipt of certified mail by an employee with the apparent authority to sign for and receive it constitutes implied actual notice. Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984).
Ordinarily, the question of agency is a factual one which it is the better practice to submit to a trier of fact. 2 Fla.Jur.2d Agency and Employment, Section 8. Even assuming such a relationship, whether the employer's act in accepting the order was within the scope of that agency is also a question of fact. See American Ladder and Scaffold Co. v. Miami Ventilated Awning Mfg. Co., 161 So.2d 699, 700 (Fla. 3d DCA 1964). Symons Corp. did not hold as a matter of law that the receipt of certified mail by an employee with the apparent authority to receive it constitutes implied actual notice, but that based on the facts adduced at trial, the court could have found that the employee therein had such authority. Finally, this court held in Brookwood Extended Care Centers, Inc. v. HRS, 453 So.2d 865 (Fla. 1st DCA 1984), that when a notice is sent certified mail and the applicant alleges that he never received notice, the agency's rejection of that allegation and finding to the contrary constituted determination of a disputed issue of fact without a hearing. Brookwood at 866.
Section 120.68(6), Florida Statutes (1985), provides that "when there has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts, the court shall order the agency to conduct a prompt, factfinding proceeding under this act after having a reasonable opportunity to reconsider its determination on the record of the proceedings." Because the Department's finding of untimeliness depends on the disputed facts of notice and agency, we reverse and remand for a factfinding proceeding on those issues.
Reversed.
NIMMONS, J., concurs.
WENTWORTH, J., dissents with opinion.
WENTWORTH, Judge, dissenting.
Section 120.60(3), Florida Statutes, expressly provides that notice of intended agency action with regard to licensing applications may be given either personally or by mail. While Fla. Admin. Code Rule 28-5.111(1) directs that a petition for hearing be filed within 21 days of receipt of written notice, Rule 28-5.111(3) establishes that where the agency publishes or mails notice such action "may be used in establishing petitioner's date of receiving notice." Henry *1325 v. Department of Administration, 431 So.2d 677 (Fla. 1st DCA 1983), involved a notice which was deemed to be defective as to form and content. The present case involves no similar deficiency, and I would thus affirm the agency determination, in accordance with Rule 28-5.111(2), that appellant has waived any entitlement to a hearing by failing to submit a timely request after the agency's mailing of notice to the listed addresses furnished by appellant in his application for registration.