567 So.2d 1048 (1990)
SWS PARTNERSHIP, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 89-2142.
District Court of Appeal of Florida, Fifth District.
October 11, 1990.
*1049 Robert B. Worman, Orlando, for appellant.
Ann M. Chittenden and Steven S. Ferst, Asst. Gen. Counsel, Dept. of Corrections, Tallahassee, for appellee.
GRIFFIN, Judge.
This is the appeal of a final order of the Department of Corrections ("DOC") dismissing appellant's protest of a bid award on the ground that it was not timely filed. We reverse.
On July 26, 1989, bids for the lease of space to the DOC were opened. It is disputed whether the bidders were told at the time of the bid opening when the final bid tabulation would be posted. On August 11, 1989, the DOC sent appellant a letter which it characterized as "your written notification" of the award. The letter informed appellant that its bid had not been selected but did not contain any notice of a time limit to protest the award.[1] It appears this letter was received by appellant on August 14, 1989. That same day, appellant sent DOC by certified mail a notice of protest of the bid award, which was received on August 15, 1989.
On receipt of the bid protest, a DOC employee sent an interoffice memorandum to counsel for the DOC responding to issues raised by the protest. The memo stated that "[t]he protest was received after the posting period, even though the bidder was told at the bid opening when the posting would be."[2] Appellant was not supplied with a copy of this memo or given an opportunity to respond. This memorandum is evidently the basis for the DOC's finding of fact that the bidders were notified at the bid opening when the bids would be posted. On October 12, 1989, the DOC issued its Third Amended Final Order dismissing the bid protest as having been untimely filed.
Section 120.53(5)(b), Florida Statutes (1989), contains the following provision concerning bid protest filing:
Any person who is affected adversely by the agency decision or intended decision shall file with the agency a notice of protest in writing within 72 hours after the posting of the bid tabulation or after receipt of the notice of the agency decision... .
In this case, there was both posting and written notice. A provision that the first of these events to occur would control is conspicuously absent from the statute. The DOC argues that because its letter did not contain the required statement of protest rights, it should not be deemed "notice," *1050 merely a "courtesy letter." Given, however, that the DOC chose to use the term "your written notification" in its August 11, 1989 letter, and given that notice of final agency action is intended to create a clear point of entry into the protest procedure rather than a trap for the unwary, we conclude appellant's protest, filed with DOC the day after appellant received the DOC's letter, was timely.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Section 120.53(5)(a)3, Florida Statutes (1989) provides:

... notice of a decision or intended decision shall be given either by posting the bid tabulation at the location where the bids were opened or by certified United States mail, return receipt requested.
The notice required by this paragraph shall contain the following statement: "Failure to file a protest within the time prescribed in s. 120.53(5), Florida Statutes, shall constitute a waiver of proceedings under chapter 120, Florida Statutes."
[2] Section 120.53(5)(b), Florida Statutes (1989), does not expressly require this notification, and the DOC argues that it has no legal obligation to advise bidders when the bid tabulation will be posted. However, the statute does require the agency to provide notice of its award decision and requires the adoption of rules specifying procedures for the resolution of protests. It is unclear from the record whether the lease at issue was a lease for more than 2,000 square feet of space. The DOC has expressly adopted the rules of the Department of General Services for such leases. Fla. Admin. Code Rule 33-18.019. The Department of General Services rule requires bidders be notified of the date of posting of the bid tabulation at the time the bids are opened. Fla. Admin. Code Rule 13M-1.015. The DOC also contends that the burden on the agency of any requirement that they notify bidders of the posting date would be onerous and that the disappointed bidder should be expected to telephone the agency as necessary to find out about posting. We cannot agree with the DOC that an unsuccessful bidder is given a sufficiently clear point of entry into the administrative process where he is required to file a bid protest within 72 hours of the posting of the bid tabulation but is not advised when the posting will occur. See Symons v. Florida Dep't of Banking and Finance, 490 So.2d 1322 (Fla. 1st DCA 1986). In any event, the DOC could not simply dismiss the protest in reliance on undisclosed facts that appellant has not been given an opportunity to refute. See Thorn v. Florida Real Estate Comm'n, 146 So.2d 907 (Fla. 2d DCA 1962).