641 So.2d 414 (1993)
Audrey MARKS, David Hendel, Ltd., Albert Sutton and Lorraine Sutton, Ira Aronson, et al., Appellants/Cross-Appellees,
v.
Harris MILLMAN and Valerie Millman, his Wife, Appellees/Cross-Appellants.
Nos. 92-2429, 92-2423 and 92-2296.
District Court of Appeal of Florida, Third District.
June 15, 1993.
Rehearing Denied September 7, 1994.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., and Charles M. Auslander; Semet, Lickstein, Morgenstern, Berger, Friend, Brooke & Gordon, P.A., and Paul S. Berger, Keith, Mack, Lewis, Cohen & Lumpkin and R. Hugh Lumpkin and Cynthia Perez, for appellants/cross-appellees.
Margulies & Rones, P.A., and Victor K. Rones, for appellees/cross-appellants.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
Multiple investors[1] appeal an adverse final judgment in proceedings supplementary. We reverse.
Harris and Valerie Millman won a judgment for $351,563 against Slachter Mortgage Company. In looking for assets on which to execute, the Millmans found that Slachter Mortgage Company was the mortgagee of *415 record on a number of mortgages on real estate in Dade County.
The Millmans initiated proceedings supplementary in which they sought to seize the notes and mortgages. In those proceedings the appellant investors contended that they were the beneficial owners of the mortgages, not Slachter. The investors argued that the notes and mortgages were therefore not property of Slachter and were not subject to execution. Based on a special master's report entered after an evidentiary hearing, the trial court rendered judgment in favor of the Millmans. The investors have appealed.
The evidence showed that Slachter was for 33 years a mortgage broker. When Slachter desired to make a mortgage loan to a borrower, Slachter would contact one of more investors to determine if the investor wished to provide the funding for that specific loan. If the investor agreed, the investor would provide the funds and be the beneficial owner of the mortgage. Slachter would make the mortgage loan in its own name and then record an assignment in favor of the investor.
Once the mortgage loan was made, Slachter would receive the payments from the borrower. Slachter would remit the principal and interest from the mortgage to the investor or investors who owned that specific mortgage loan. Slachter served as the investors' agent for purposes of servicing the mortgages. See generally Restatement (Second) of Agency § 14B (1958).
In the mortgages that are at issue on this appeal, the investors provided the funding. However, Slachter failed to promptly execute and record assignments in favor of the investors. Consequently, there was a period of months, or in some cases, years, when Slachter was the mortgagee of record.
On January 4, 1990 the Millmans recorded their judgment against Slachter.[2] At that time all of the mortgages involved in this appeal were in Slachter's name. Later in 1990, Slachter recorded assignments in favor of the investors.[3]
The special master concluded that the Millmans' judgment, or the writ of execution, created a lien on the notes and mortgages. The master reasoned that any later-recorded assignments caused the investors to receive the assignments subject to the Millmans' lien.[4] The master ruled that the notes and mortgages should be treated as being assets of Slachter, and must be delivered over to the Millmans to satisfy their judgment.
We conclude that the order under review is erroneous. The master proceeded on the incorrect assumption that record ownership of the mortgages was dispositive. The master reasoned that if a mortgage was held of record by Slachter when the Millmans' lien attached, then the mortgage was an asset of Slachter and subject to execution.
The ruling below runs counter to settled law. Record title was not conclusive. Where, as here, a judgment debtor (Slachter) holds assets upon a resulting trust for someone else (the investors), the judgment creditor (Millmans) cannot execute on the trust assets.
Here, the investors established that the notes and mortgages were held by Slachter upon a resulting trust. As stated in Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957):
A resulting trust is simply a status that automatically arises by operation of law out of certain circumstances... . In the creation of a resulting trust it is essential that the parties actually intend to create the trust relationship but fail to execute documents or establish adequate evidence of the intent. The typical illustration is where one man furnishes the money to buy a parcel of land in the name of another with both parties intending at the time that the legal title is held by the named *416 grantee for the benefit of the unnamed beneficiary.

Id. at 631 (citations omitted; emphasis added).
In the present case the mortgage company served as intermediary between the borrower and the investor. Slachter offered specific loans to specific investors on a loan-by-loan basis. In the instances before us the investors agreed to provide, and did provide, the funding for the mortgage loans. The investors were intended to be the beneficial owners of the respective notes and mortgages. There should have been a contemporaneous assignment of each note and mortgage to the investor who provided the funding, but the assignments were not promptly recorded. The circumstances establish that Slachter held the notes and mortgages upon a resulting trust.
As stated in First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501 (1931):
[I]t is also generally recognized that a judgment creditor cannot have his debt satisfied out of property held by his judgment debtor under a resulting trust for another, no matter how completely his debtor has exercised apparent ownership over it, unless it is made to appear that it was on the faith of such ownership that the credit was given which resulted in the judgment sought to be satisfied.
101 Fla. 480, 134 So. at 504 (citation omitted); accord Arundel Debenture Corp. v. Le Blond, 139 Fla. 668, 190 So. 765, 767-78 (1939); Estey v. Sharp Electronics Corp., 409 So.2d 217 (Fla. 4th DCA 1982).
Here, the beneficial owners of the mortgages are the investors. The Millmans are entitled to satisfy their judgment out of the assets of Slachter, not the investors. While First National Bank of Arcadia v. Savarese recognizes an estoppel exception to the general rule, that exception has no application in this case.[5]
The special master was troubled by Slachter's belated execution and recording of the assignments of mortgage. To the special master, this gave the appearance that Slachter was attempting to divest itself of assets which the Millmans might attempt to reach in satisfaction of their judgment. The mortgage company contended that the belated assignments were recorded when the omission was flagged by auditors.[6]
Regardless of the exact reason for the recording of the belated assignments, the relevant inquiry is whether the subject mortgages were beneficially owned by the investors. The belated recording of assignments was immaterial. Indeed, on the facts present here the investors would have been entitled to the recognition of a resulting trust, even if there had never been any assignments recorded at all. Under the cases cited above, the investors were entitled to show that they beneficially owned the mortgages and that the mortgages were not property of Slachter subject to execution.[7]
The investors also argue that the special master erred in ruling that a lien was created on the notes and mortgages by the Millmans' judgment or writ of execution.[8] In view of our conclusion that the assets were held upon a resulting trust, we need not reach this issue and express no view on the correctness *417 of the master's analysis. We likewise need not reach appellants' other points on appeal.
The Millmans cross-appeal so much of the judgment as found that seven mortgages were not subject to the proceedings supplementary. The parties agree that the master erred in relying on section 494.081, Florida Statutes (1989).[9] The statute applies solely to usury and does not create a safe harbor from creditors' claims.
We do not reverse, however, because these mortgages are also ones entitled to the recognition of a resulting trust. For that reason the Millmans were not entitled to reach those mortgages. The cross-appeal is therefore affirmed.
As to the appeal, we reverse and remand with directions to enter judgment for the appellant investors. As to the cross-appeal, we affirm.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The appellants are Audrey Marks, (Case No. 92-2429); Ira Aronson, Rose Arlin, Beatriz Azor, Jose Azor, Judith C. Carmona, P.A., Alice Chilton, Douglas A. Chilton, Libby Klein, as Custodian of Lance and Matthew A. Klein, Dori Kaplan, Elaine H. Klein, Ellen Leinoff, Andrew Leinoff, Rita R. Rauchwerger, Eric C. Rauchwerger, Elizabeth Rauchwerger, Sorrel S. Resnik, Heidi L. Shore, Selig Seligman, Miriam Seligman, Secretarial Research and Managerial & Development Corp. of America, Richard Sembello, as Trustee for Construction Research Lab, Virginia Sembello, Paul B. Sutta, Stuart Sutta, Patricia Sutta, Sonia Weitzman and William Weitzman (Case No. 92-2296); David Hendel, Ltd., Albert Sutton and Lorraine Sutton (Case No. 92-2423). The appeals were consolidated under Case No. 92-2429.
[2] The Millmans docketed their writ of execution with the sheriff on February 21, 1990.
[3] Slachter testified that an audit by state regulators disclosed that assignments had not been recorded. Consequently, assignments were belatedly executed and recorded.
[4] Although the master ruled that the lien attached as of the docketing of the writ of execution, the master treated all of the mortgages assigned after the recording of the judgment as being assets of Slachter.
[5] First National Bank of Arcadia v. Savarese recognizes that where the judgment creditor extended credit to the judgment debtor on the basis of the judgment debtor's legal title, and the judgment is based on the credit so extended, then the beneficiary of the resulting trust will be estopped from asserting his or her beneficial interest against a bona fide judgment creditor without notice of the true state of affairs. 101 Fla. 480, 134 So. at 504. Thus, if the Millmans had loaned money to Slachter secured by the various notes and mortgages of which Slachter was record holder, and if the Millmans obtained judgment upon Slachter's failure to repay, then the investors would be estopped from asserting the existence of a resulting trust. No such facts exist in this case. Here, the Millmans extended no credit to Slachter at all, much less any credit in reliance on Slachter's being mortgagee of record of the various mortgages.
[6] See supra note 3.
[7] The Millmans argue that affirmance is required by Harnish v. Peele, 386 So.2d 8 (Fla. 5th DCA 1980), review denied, 394 So.2d 1153 (Fla. 1981). We disagree. The evidence of the investors was that in each case they had bound themselves to provide, and did provide, the funds for the mortgage loans. See id. at 10; George T. Bogert, Trusts § 74, at 266, 274-75 (6th ed. 1987).
[8] The investors urge that a lien was created only when the investors were served with process in proceedings supplementary. The Millmans argue that the master was correct, or alternatively that a lien arises on the date of filing of proceedings supplementary, not the date of service.
[9] Repealed by ch. 91-245, § 51, Laws of Fla. (effective Oct. 1, 1991). Cf. § 494.0042, Fla. Stat. (1991) (brokerage fees) (effective Oct. 1, 1991).