PER CURIAM.
Bell Atlantic Business Systems Services, Inc. (Bell Atlantic) appeals an order of the Department of Labor and Employment Security (the Department) dismissing a bid protest as untimely. Finding that there remains a factual dispute as to when the Department notified Bell Atlantic of the intended award, we reverse with directions to refer the matter to the Division of Administrative Hearings for an evidentiary hearing on the issue.
This appeal arises from a bid protest against the Department’s contract award for maintenance of data storage and computer equipment. After Bell Atlantic successfully challenged a prior Request for Proposal (RFP), the Department issued another RFP, the award from which is the subject of this appeal.
The RFP contained contradictory indications as to the date that the contract award would be posted. While the face of the RFP indicated that the recommended award would be posted on April 10, 1995, the “General Information” section of the RFP indicated that “notice of contract award will be given •by posting in the Office of Purchasing, Room 104, Hartman Budding at the date and time specified in Section 3.3, Calendar of Events.” The Calendar of Events, however, failed to include the posting date altogether.
The timetable as originally determined changed as the bid process progressed. In fact, the Department anticipates such alteration, observing in the RFP’s Calendar of Events that it “reserves the right to adjust th[e] timetable as needed.” Accordingly, the timetable was adjusted by addendum to the RFP, dated March 20, 1995, which announced that the posting date would be “on or about April 20, 1995.” A second addendum dated March 29, 1995, adjusted the posting date again to “on or about May 4, 1995.” Finally, by letter dated June 2, 1995, the Department’s purchasing agent notified each of the parties involved in the bidding, confirming telephone conversations with them on May 31, that the full evaluation of the bids had yet to be completed. The letter concluded:
As of 10:00 a.m. May 31 the technical portion only of the Bell Atlantic bid has been opened. It will be evaluated in the most expedient and professional manner possible. When the technical evaluation is completed, I will proceed with their cost opening. I will then tabulate points and post an award of this bid. At the time of posting I will FAX a copy to each of the above listed company representatives.
(Emphasis supplied).
On June 19, 1995, at 1:30 p.m., the Department posted the bid tabulation for the RFP, noting the intended awardee, one of Bell Atlantic’s competing bidders. The bid tabulation included the statement required by section 120.53(5)(a)3., Florida Statutes (1993): “Failure to file a protest within the time prescribed in s. 120.53(5), Florida Statutes, shall constitute a waiver of proceedings under chapter 120, Florida Statutes.” On June 22, 1995, at 1:57 p.m., Bell Atlantic notified the Department by telefacsimile of its intention to protest the intended award. The Department responded, by letter dated June 27, 1995, that Bell Atlantic’s notice of intent to protest had not been filed within the time *991 prescribed by statute and advised that Bell Atlantic’s right to chapter 120 proceedings had thus been waived. Bell Atlantic replied giving formal notice of protest, by letter dated June 30, 1995, and informing the Department that it had received notice of the bid tabulation posting via facsimile transmission on June 21,1995, at 8:44 a.m.
Bell Atlantic filed a formal bid protest and petition for formal hearing on July 2, 1995. The Department’s Director of Administrative Services then rendered an order without a hearing dismissing the bid protest as untimely on July 10, 1995. On the same date, Bell Atlantic filed a second formal notice of protest, challenging the Department’s dismissal of its first notice as untimely, and alleging that it had received notice of the posting on June 21 and filed a notice of protest within the statutory 72-hour period. On July 12, 1995, the Department referred Bell Atlantic’s challenge to the Department’s dismissal of the bid protest to the Division of Administrative Hearings. Finally, on July 24, 1995, the Department moved to dismiss Bell Atlantic’s challenge to the dismissal of the bid protest on the basis of its own final order dismissing the protest. Bell Atlantic requested an abatement pending appeal to this court.
Section 120.53 provides that “[a]ny person who is affected adversely by the agency decision or intended decision shall file with the agency a notice of protest in writing within 72 hours after the posting of the bid tabulation or after receipt of the notice of the agency decision or intended decision. ...” Section 120.53(5)(b), Florida Statutes (1993)(emphasis supplied). Similarly, Rule 60A-1.006(6), Fla. Admin. Code, provides, inter alia, that a person challenging an agency decision shall file a notice of protest “within 72 hours after receipt by mail or other delivery of the agency decision.... ” (Emphasis supplied). The question presented is which of the two events-the Department’s posting or Bell Atlantic’s receipt of the notice — initiated the 72-hour period within which to provide written notice of protest in this case.
The Department urges that the statute controls, providing notice by posting at the location where the bids were opened. We reject the Department’s contention that notice by any other means is not effective. The statute itself belies that contention,[1] providing alternative notice by certified United States mail, and Rule 60A-1.006(6) provides for receipt by “other delivery.” In this case, the Department both posted the intended award and provided notice by telefacsimile. The statute does not make posting the preferred method of notice. Neither does the statute include a provision that the first of these events to occur controls the commencement of the period within which to seek review. SWS Partnership v. Florida Department of Corrections, 567 So.2d 1048, 1049 (Fla. 5th DCA 1990). Both the statute and the rule make the commencement of the limitations period depend upon an affected person’s receipt of the notice of agency decision. Symons v. State, Department of Banking and Finance, 490 So.2d 1322, 1323 (Fla. 1st DCA 1986).
The Department’s contention that the date of posting was known finds no record support. While it is not disputed that the Department posted the bid tabulation on June 19, there is no indication on the abbreviated record before us that the Department ever informed Bell Atlantic that posting would occur on that date. In fact, the record indicates that the Department last informed the parties that posting would occur on May 4, not on June 19. Further, the Department’s purchasing agent instructed the parties that notice would be provided by telefacsimile transmission on the date of posting but failed to indicate when that date would be. We are little impressed by the Department’s suggestion that bidders should be expected to telephone an agency daily to determine the date and time of posting. Accord SWS Partnership, 567 So.2d at 1049 n. 2 (Fla. 5th DCA 1990). In light of the Department’s statement that notice would be provided by tele-facsimile on the date of posting, neither would it be reasonable to expect bidders to *992 station an agent at the Department’s offices to await posting.
The burden remains with the Department to show that Bell Atlantic “has received notice sufficient to commence the running of the time period within which review must be sought.” Symons, 490 So.2d at 1323 (Fla. 1st DCA 1986); citing Henry v. Department of Administration, 431 So.2d 677 (Fla. 1st DCA 1983). Here, the Department asserts that its facsimile transmission log reflects a transmission to Bell Atlantic’s fax number at 1:32 p.m. on June 19. The record before us is silent, however, as to the substance of that transmission. The facsimile log is, therefore, not competent proof of Bell Atlantic’s receipt of notice of the intended award. Moreover, the log also reflects a second transmission to Bell Atlantic’s fax number on the date and at the time Bell Atlantic alleges that it first received notice of the intended award. Thus, there exists a significant dispute concerning when Bell Atlantic received notice.
We reject as well the Department’s contention that Bell Atlantic had constructive notice of the date of posting. This court has before repudiated the legal fiction of constructive notice to deny access to administrative proceedings. Symons, 490 So.2d at 1323. Where the significance of an aggrieved party’s receipt of notice is the provision of a clear “point of entry” into the administrative process, inferring implied notice is not sound policy. Id. The Departs ment’s contention that Bell Atlantic’s receipt of notice by any means informed it of the posting date and, therefore, of the deadline for providing notice of intent to protest misses the point. The statute provides a 72-hour “point of entry.” If a bidder’s receipt of the agency decision related .back to the posting date, the resulting compressed “point of entry” would transgress that provided by statute.
In any case, the Department improperly rejected Bell Atlantic’s allegations concerning the date it received notice of the intended award without a hearing. The Department’s dismissal of the protest as untimely depends on disputed facts concerning Bell Atlantic’s receipt of notice of the intended award. The Department may not simply dismiss the protest in reliance on equivocal or disputed facts without giving Bell Atlantic an opportunity to challenge the basis of its decision. Accord Symons, 490 So.2d at 1324; Thorn v. Florida Real Estate Comm’n, 146 So.2d 907 (Fla. 2d DCA 1962); section 120.68(6), Florida Statutes (1993).
For these reasons, we REVERSE the order of dismissal and REMAND with directions to refer the matter to the Division of Administrative Hearings for an evidentiary hearing.
BARFIELD, C.J., KAHN, J., and SMITH, Senior Judge, concur.

. Section 120.53(5)(a)3, Florida Statutes (1993): ... notice of a decision or intended decision shall be given either by posting the bid tabulation at the location where the bids were opened or by certified United States mail, return receipt requested.