OPINION ON MOTION FOR REHEARING OR CLARIFICATION
WOLF, J.
The motion of appellee, Parkside Corporation of Mt. Dora, Inc., for rehearing or alternatively for clarification filed October 30, 1998, is granted to the extent that we clarify our original opinion as contained herein. The motion for rehearing, however, is denied in all other respects. This court’s opinion filed October 15, 1998, in the above case is withdrawn. Upon rehearing, we issue the following opinion.
This is a timely appeal from a final summary judgment in favor of Parkside Corporation of Mt. Dora, Inc., appellee (Parkside). We find that factual issues exist as to whether Parkside had implied actual notice of 'the Gordons’ claim in the property, and therefore, we reverse.
It would serve no valid purpose to detail the long and tortured history of the underlying litigation in this matter. The issue before us arises out of appellants’ (Gordons’) proceedings supplementary to satisfy judgments in excess of one million dollars. This appeal focuses on one aspect of the recovery — appellants’ claim that several parcels of real property were fraudulently conveyed by judgment debtors to avoid the Gordons’ claim. The property in question, known as the Highlander Hotel (or the Highlander Lodge), was located in Lake County.
In 1988, as part of the underlying litigation, the Gordons filed a lis pendens against the Lake County property and obtained an injunction against further conveyances of the property. In spite of this injunction, the defendant, Highlander Corp., conveyed the Lake County property to an individual named Singleton, in 1992. Then, in 1995, Singleton conveyed the property to Parkside. The Gordons subsequently impled Parkside in proceedings supplementary in which they contended that four of the six parcels which comprised the Highlander Lodge were fraudulently conveyed by one or more grantors in the chain of title, and that Parkside took title with actual or constructive notice of the Gor-dons’ claim.
*912 Although appellants claim to have recorded 10 or more papers from the court file in the Lake County public records, only three are important to our analysis in the instant case.
Two of the three relevant documents were indexed in Parkside’s chain of title: (1) A lis pendens on the property in question, filed on June 29,1988; and (2) a motion to extend the operation of a different lis pendens in another ease where the Gordons were pursuing claims against the same defendants, filed in 1992. The third document, an order extending the 1988 lis pendens, filed in the Lake County public records on October 4, 1989, was not indexed in Parkside’s chain of title. It appears that the third- document did not appear in the chain of title because the Gor-dons utilized an abbreviated caption which did not contain the name of the grantor of the lodge property.[1] The original 1988 lis pendens listed the Gordons as plaintiffs. Over 10 parties were listed as receiving notice of the lis pendens, including “Highland Corp.” However, in the 1989 order granting the extension of the 1988 lis pendens, the caption read, “Richard B. Gordon, Jr., et al., plaintiffs v. Aqua-Solar Associates, et al., defendants.” Based upon the failure of this document to be indexed in the chain of title, the trial court ruled as a matter of law that Parkside Corp. was a bona fide purchaser without knowledge of the lis pendens.
Appellants assert that the trial court ruling was wrong on several grounds. We find one of these grounds to be meritorious; it is, therefore, unnecessary for us to address the other issues raised by appellants. Reversal is required in the instant case because there were factual disputes concerning whether Parkside had implied actual notice concerning appellants’ claim against the property.
Where there is direct information of a prior right or facts from which actual knowledge can be inferred, there is notice of an earlier interest in property which will be sufficient to charge a subsequent purchaser with knowledge of a prior claim. See Florida Land Holding Corp. v. McMillen, 135 Fla. 431, 186 So. 188, 191-192 (1938) (notice to person which would preclude protection as bona fide purchaser may be implied from fact that there existed means of knowledge which such purchaser did not use); see also Hardaway Timber Co. v. Hansford, 245 So.2d 911, 913 (Fla. 1st DCA 1971); Amjems, Inc. v. F.R. Orr Constr. Co., Inc., 617 F.Supp. 273, 278 (S.D.Fla.1985). “If, in the investigation of a title, a purchaser, .with common prudence, must have been apprised of another right, notice of that right is presumed as a matter of implied actual notice.” Zaucha v. Town of Medley, 66 So.2d 238, 240 (Fla.1953). Implied actual notice can arise not only when a party actually has information which describes the interest of a third party, but also when a party has the means to obtain knowledge under circumstances reasonably suggesting the need for an inquiry, but does not use that knowledge and means to obtain the information. See Symons v. State, Dep’t of Banking and Finance, 490 So.2d 1322, 1324 (Fla. 1st DCA 1986).
Appellants argue that a number of factual issues exist as to factors which would place the burden on the appellees to make further inquiry. Among these factors are the following:
1. Parkside had actual or implied knowledge of the 1988 lis pendens which properly appeared in the chain of title. This raises the question of whether Parkside should have been required to call the clerk’s office to determine the actual status of the case;
2. Should Parkside have conducted an index search using all the names found in the style of the case for which the lis pendens was filed (including that of the Gordons). The Gordons presented an expert opinion that a reasonable examiner upon discovery of the lis pendens would have searched the court file.
3. Parkside had actual knowledge of a Motion to Extend Lis Pendens which involved a companion case. Arguably, *913 this would require a reasonable and prudent person to inquire further because it reveals recent court activity by the Gordons and their continuing efforts to pursue their claim.
4. A factual dispute exists whether the numerous transfers to related entities would put Parkside on notice that further inquiry was required, particularly when the lis pendens alleges fraudulent conveyances.
We agree with appellants that these items taken together created a factual dispute concerning implied actual notice, precluding entry of a summary judgment. The order of the trial court is reversed, and this case is remanded to the trial eourt for further proceedings.
ALLEN and DAVIS, JJ., concur.

. The property at issue had been purchased by Highland Corp. in 1987 from a grantor named "Magnacard.” Magnacard sold to Singleton in 1992. When Parkside purchased the property from Singleton in 1995, a title search was conducted through the grantor-grantee index, looking for "Magnacard,” "Highland Corp.,” or "Singleton."