826 So.2d 1012 (2001)
Marion SLACHTER, Appellant,
v.
David A. SWANSON, Appellee.
No. 3D99-1998.
District Court of Appeal of Florida, Third District.
February 28, 2001.
*1013 Jack Martin Coe, Miami, for appellant.
Pertnoy, Solowsky, Allen & Haber and David Haber, Miami; Margulies & Rones and Victor K. Rones, North Miami Beach, for appellee.
Before FLETCHER and SORONDO, JJ., and NESBITT, Senior Judge.

ON MOTION FOR REHEARING GRANTED
PER CURIAM.
We grant Swanson's motion for rehearing and substitute the following opinion for that of August 23, 2000.
Marion Slachter appeals a final order granting summary judgment in favor of David A. Swanson in an action to foreclose a mortgage. We affirm the final order.
On December 19, 1984, certain persons [the Millmans] purchased property located at 8603 S.W. 103rd Street and mortgaged it through Anderson Associates, Inc.[1] [Anderson]. Anderson then assigned the mortgage to Marion Slachter.[2] Slachter, who had been Anderson's president, retired from the mortgage company in 1986. Subsequent to her retirement, Anderson filed a foreclosure action against the Millmans, which action was dismissed with prejudice. The Millmans then filed suit against Anderson for wrongful foreclosure and for fraud. The Millmans were awarded $350,000 in damages in 1990. No appeal was taken from the judgment therein.
To collect the judgment, the Millmans in supplementary proceedings obtained a trial court order on October 8, 1992, which discharged the Millman note and mortgage as paid in full. The discharge judgment was duly recorded in the Official Records. The discharge judgment appears to have been reversed (a fact in dispute) by Marks v. Millman, 641 So.2d 414 (Fla. 3d DCA 1993), review denied, 651 So.2d 1195 (Fla. 1995), which involved numerous mortgages of numerous appellant investors. However, Marion Slachter was not listed therein as an appellant. "Miriam Seligman," whom Slachter swears she is, does appear in Marks v. Millman at footnote 1 (which lists the various appellants). There is nothing in Marks which would reveal that Marion Slachter is in fact Miriam Seligman, or that Marion Slachter's mortgage was one of the numerous mortgages involved in Marks.
On January 23, 1995, six days after the Florida Supreme Court denied review in Marks, the Millmans conveyed the property by warranty deed to David Swanson, who paid $212,500 therefor. It was not until after Swanson purchased the property that the trial court complied with the Marks v. Millman mandate by vacating the mortgage discharge judgment assuming it was involved.
*1014 On April 27, 1998, Marion Slachter filed this foreclosure action against Swanson, on the 1984 mortgage. The trial court granted Swanson's motion for partial summary judgment on the grounds that Swanson had no knowledge of the (assumed) viability of the Millman mortgage, thus was a bona fide purchaser, and had priority over Marion Slachter's mortgage. Her timely appeal to this Court followed.
Slachter argues that Swanson was not a bona fide purchaser because he had implied actual knowledge of the Millman mortgage. She posits that a reasonably prudent person, upon seeing the trial court's discharge of the mortgage judgment in the Official Records would have investigated to see if it had been appealed. On the other hand, Swanson argues that he is protected by section 701.02, Florida Statutes (1995), as he took title without notice (of any type) of the apparent reinstatement of Marion Slachter's mortgage, and paid valuable consideration to the Millmans. He states that after examining the Official Records, he was without knowledge of the viability of the mortgage, there being nothing therein affecting title after the recorded judgment which discharged the Millman mortgage.
Florida law creates three kinds of notice to subsequent purchasers of real property: constructive, actual, and implied actual. See Symons v. State, Dep't of Bank. & Fin., 490 So.2d 1322, 1323 (Fla. 1st DCA 1986). Constructive knowledge is a legal fiction imputed primarily for the promotion of sound policy. See id. It is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index of the Official Records. See Dunn v. Stack, 418 So.2d 345, 349 (Fla. 1st DCA 1982), rev'd on other grounds, 444 So.2d 935 (Fla.1984). Actual notice is express, direct information. See id. Implied actual notice arises when a subsequent purchaser has the means of knowledge, and the duty to investigate but does not. See Symons, 490 So.2d at 1324. This concept is based on the premise that, "A person has no right to shut his eyes or ears to avoid information and then say he had no notice; it will not suffice the law to remain willfully ignorant of a thing readily ascertainable when the means of knowledge is at hand." Id. (citing Sapp v. Warner, 105 Fla. 245, 255, 141 So. 124, 127 (1932)).
Slachter's claim that Swanson had implied actual knowledge of the reinstatement of the Millman mortgage was not demonstrated by her. If, in fact, the mortgage was one of the many included in the Marks v. Millman appeal, such certainly was not readily ascertainable. Marion Slachter's name appears nowhere in Marks. That Miriam Seligman may be Marion Slachter is not set forth anywhere therein. Thus even if Swanson had located Marks v. Millman, he would have remained ignorant of the (disputed) mortgage reinstatement. This reason alone is sufficient to uphold the trial court's decision. Accordingly we affirm the final order.
Affirmed.
NOTES
[1] d/b/a Slachter Mortgage Company.
[2] Anderson's practice was to have various investors provide the mortgage funds, then assign the mortgages to them.