953 So.2d 619 (2007)
Michael OZ, Appellant,
v.
COUNTRYWIDE HOME LOANS, INC., Carolina Warter, Carlos Warter, Irina Ball, Jenny Wouters, Appellees.
No. 3D06-772.
District Court of Appeal of Florida, Third District.
March 21, 2007.
Scott Alan Orth, for appellant.
Krinzman Huss & Lubetsky and Cary A. Lubetsky, Miami; Greenberg Traurig and Alaine S. Greenberg, and William R. Clayton, Fort Lauderdale, for appellees.
Before RAMIREZ, WELLS, and LAGOA, JJ.
RAMIREZ, J.
Michael Oz appeals the trial court's order that dissolved two lis pendens in an action for specific performance of a written contract for the sale of residential real estate. We affirm because the lis pendens, which did not contain the date of the institution of an action and incorrectly listed the name of a defendant, did not provide constructive notice of Oz's claims in violation of section 48.23, Florida Statutes (2005).
Appellee Countrywide is the holder of a mortgage interest in the subject residential property. The remaining appellees, Carolina Warter, Carlos Warter, Irina Ball, and Jenny Wouters, represent property owners by virtue of warranty deeds executed in connection with the sale and purchase of the property. Oz filed suit against Carolina Warter on November 24, 2004, and thereafter filed three lis pendens against the property. The first lis pendens is not at issue, as Oz agreed to *620 withdraw it voluntarily.[1] The second lis pendens did not provide the time of the institution of the action and it misspelled the name of Carolina Warter, the only defendant named in Oz's November 24, 2004 suit, as "Water." The third lis pendens, like the second, did not include the time of the institution of the action. Also, the third lis pendens was recorded after the property had been transferred and after the recordation of the Countrywide mortgage. The third lis pendens is thus irrelevant.
We find that the second lis pendens failed to provide constructive notice of Oz's claims. The purpose of lis pendens "is to notify prospective purchasers and encumbrances that any interest acquired by them in the property in litigation is subject to the decree of a court." See Procacci v. Zacco, 402 So.2d 425, 427 (Fla. 4th DCA 1981). Section 48.23, Florida Statutes (2005), governs lis pendens, and subsection (1)(a) provides that:
No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be effected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, which notice contains the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.

(emphasis added). Consistent with the statutory requirements of section 48.23, this Court held in Joge Invs., Inc. v. Millennium Capital, 724 So.2d 728, 729 (Fla. 3d DCA 1999), that a valid lis pendens must contain the time of institution of the action. If a plaintiff fails to include all of the required items in the lis pendens, the lis pendens is ineffective. See DeGuzman v. Balsini, 930 So.2d 752, 755 (Fla. 5th DCA 2006)(holding that the notice of lis pendens failed to comply with section 48.23 because it did not state the time that an action was instituted, and it did not provide a statement of the relief sought as to the property).
The second lis pendens here was fatally defective. It did not accurately indicate the date of the institution of the November 23, 2004 action. This failure to include the date of the institution of an action is fatal to the lis pendens and contrary to the express language contained in section 48.23(1)(a).
Additionally, the second lis pendens misspelled the name of the only defendant involved in Oz's November 23, 2004 suit. This defect is likewise fatal since constructive notice in Florida is imputed only through the grantor-grantee index of the official public records. See Slachter v. Swanson, 826 So.2d 1012, 1014 (Fla. 3d DCA 2001). See also U.S. v. One Parcel of Real Estate, 715 F.Supp. 360, 361 (S.D.Fla.1989)(stating that, "Since a tract index system is not used [in Marion County, Florida], an examination of the available grantor-grantee index would not disclose the prior recording of the government's notice of lis pendens."). In Slachter, we explained that constructive knowledge is imputed to creditors and subsequent purchasers by virtue of documents filed in the grantor-grantee index of the official records. Slachter, 826 So.2d at 1014. See also Dunn v. Stack, 418 So.2d 345, 349 (Fla. 1st DCA *621 1982)("Constructive notice is a legal inference, and it is imputed to creditors and subsequent purchasers by virtue of any document filed in the grantor/grantee index-the official records."), rev'd on other grounds, 444 So.2d 935 (Fla.1984) A search of the grantor-grantee index in the official records of Miami-Dade County would not have disclosed the name of Carolina Warter. Oz's claims against Carolina Warter thus did not impart constructive notice upon anyone.
For these reasons alone, the trial court correctly dissolved the second lis pendens for failure to comply with the requirements contained in section 48.23, Florida Statutes (2005). We therefore decline to address the other issues raised in this appeal and affirm the order on appeal.
Affirmed.
NOTES
[1] The lis pendens did not properly describe the nature of the action and did not set forth the date of institution of the action.